## HUMBERT v. ECKERT.

A second new trial can only be granted for the reasons enumerated in the statute, viz: when the triers of the fact shall have erred in a matter of law, or when the jury shall be guilty of misbehavior.

Appeal from the Court of Common Pleas of Saint Louis county.

*Bowlin & Woodruff for Appellant.*

1st. That the court erred in excluding all evidence of the marriage of Auguste Voght with her first husband, by general reputation, living together, and holding themselves out as such to the world. Day Rep. 166; Starkie Ev. 939, and cases cited; and Roscoe Ev. 241.

2d. That the court erred in refusing evidence of Voght's death, by general reputation currently received and approved amongst his friends.

3d. That the court erred in refusing to grant a new trial.

*Polk for Appellee.*

1st. The bill of exceptions shows that *the very evidence was permitted to go to the jury*, the exclusion of which is assigned as one reason for granting a new trial. But even supposing that the court below did exclude proper testimony from the jury, this could no more be a ground for a second trial, than misdirection by the court below would be. Yet this court has expressly decided, in the case of Thill v. Deavor, at its last May term, that a new trial cannot be granted for misdirection of the court.

2d. The motion, the overruling of which is excepted to, is the *second* motion for a new trial, in the same cause, and in support of the motion there is not assigned a single one of the reasons for which alone by our statute, (see Rev. Code, 1835, page 470, sec. 2) a second new trial can be granted. So that even supposing the reasons to have existed, yet as they were not assigned, the court could not notice them, and of course could do nothing else than overrule the motion. Dickey v. Malechi, et al. 6 Mo. R. 177.

*Opinion of the Court by Napton, Judge.*

Humbert
v.
Eckert.

A second new trial can only be granted for the reasons enumerated in the statute, viz: when the triers of the fact shall have erred in a matter of law, or when the jury shall be guilty of misbehavior.

. This was an action of assumpsit, instituted by Eckert, before a justice of the peace, against the plaintiff in error, on a promissory note executed by Auguste Voght, Simon Gotz, and Susannah Voght, for $78. Humbert, who intermarried with Auguste Voght after the execution of the note, was made a defendant. Judgment against plaintiff in error was obtained before the justice, and an appeal taken to the circuit court, from which court the case was removed to the court of common pleas, where a trial de novo was had, and a verdict again obtained against Humbert. Upon his motion, the verdict was set aside, and a new trial granted, and a second verdict obtained against the plaintiff in error, who again appealed for a new trial, and alleged for causes, that the verdict was against law, against evidence, and because the court excluded the testimony of the defendants below to establish a reputed marriage between Auguste Voght and Lewis Voght, afterwards the wife of the said Humbert, and the reputed death of Lewis Voght. This motion for a second new trial was overruled by the court, exceptions were taken, and an appeal taken to this court.

From the bill of exceptions it appears that all the testimony, the exclusion of which is complained of here, was actually given. The only ground upon which any reliance can be placed, is the refusal of the court of common pleas to grant a second new trial. A second new trial can only be granted for certain reasons enumerated in our statute on that subject, and neither of those reasons was alleged in the motion, or pretended to have existed. The judgment must therefore be affirmed.