Howard *v.* Barbee et al.

———◦◦◦———

HOWARD *v.* BARBEE *et al.*

The act of *March* 17, 1861, (see acts 1861, p. 49,) is construed to require the party, to whom a change of venue is granted, to perfect the same within the time therein limited, and to pay all costs of such change, if perfected, and to pay all costs up to the time when it should have been perfected, if it is not; but, in any event, such change must be perfected within a reasonable time after the order, or the right thereto will be deemed to have been waived, and the cause will remain upon the docket as if no change had been granted.

Howard *v.* Barbee et al.

APPEAL from the *Tippecanoe* Common Pleas.

HANNA, J.—The only point urged in this case, is, that the Court had no jurisdiction to try it.

The suit was pending at the *June* term, 1862, of said Court, at which term a change of venue was granted to the county of *Carroll*, because of alleged odium attaching to the person and defence of the defendant, and the Clerk was ordered to transmit the papers upon payment of costs, &c. At the next (*December*) term of said Court, the plaintiffs' attorney filed a written statement, reciting the said order, &c., and alleging, that, in *September* and *October*, a term of the *Carroll* Common Pleas had been held, at which said case could have been tried, if the change had been perfected, but that the same had not been done by said defendant, and asking that the case might be docketed, &c. An affidavit was filed by the defendant, resisting said motion, in which he stated, that ten days before the said *December* term, and several times afterwards, he had applied to pay the costs and perfect said change, but the Clerk would not receive said costs, nor transmit the papers, &c., and he was then ready to perfect the same, &c.

The Court ordered the case docketed, and that it stand for trial at said term, &c.

It will be seen, that near six months intervened between the order to change the venue and this order to re-docket the case.

The paper filed by the plaintiff also alleges the fact, (of which we would take judicial notice,) that, in the meantime, a term of the *Carroll* Common Pleas had passed. These facts bring the case within the decision of *Rogers* v. *Stevens*, 8 Ind. 465, which is decisive of this, unless a different rule should result from the enactment of the statute of 1861, (sess. acts 1861, p. 49,) which provides, that, in changes granted for the cause herein alleged, the "Clerk shall forthwith transmit the papers, and a transcript of the proceedings, to the Clerk of

Howard *v.* Barbee et al.

the Court to which the venue is changed, the party applying for a change first paying the costs thereof, * * * and the action shall stand for trial at the first term, * * * and if a party, applying for a change of venue, shall fail to perfect the same ten days before the first day of the next term of the Court to which the change is taken, * * * said party shall pay all the costs made in the case up to the time of such failure." The Court did not fix the time within which the change should be perfected.

What is the effect of this statute? Does it authorize the transmission of the papers upon the application of the party seeking the change, notwithstanding his neglect to perfect the same, as therein directed, provided he will pay all the costs that have arisen up to the time of such failure? The law existing previous to the passage of the act now under consideration, provided, that the person obtaining the change should pay the costs occasioned thereby before the papers were transmitted, and, until that was done, the change could not be considered as perfected; and, in the case before cited, it was decided by this Court, that a delay for an unreasonable time to perfect the change, after an order had been granted, would be treated as a waiver of the right to it under the order. In that case, although the papers were filed with the Clerk of the Court to which the change was granted by the first day of the term, yet, as it was not done in time for a trial at that term, and considerable time had intervened, it was held that the delay had been unreasonable, and the right to take the change under the order had closed.

This statute was amended, as above shown, in view of said decision, and perhaps in view of, and to remedy a practice, which had to some extent prevailed, of obtaining an order for a change, which would operate as a continuance, and then failing to perfect the same; or perfecting it at so late a date, although within a reasonable time, as to prevent a trial at the

first term after obtaining the change. We think it was the purpose of this act to compel the person, who should thus delay a trial, to pay costs, and, by this means, prevent more delay. But we do not believe it was the intention to give the right to a change, after a reasonable time had elapsed, to perfect it after the order had been made.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*McDonald & Roache,* for the appellant.

*Geo. Gardner,* for the appellees.