LINGERMAN v. THE STATE OF INDIANA on the relation of FRANKLIN.

CHANGE OF VENUE.—A change of venue must be perfected ten days before the first day of the next term of the court to which the change has been granted. If that time may seem too limited, the party asking the change, at the time of making his application, can have a reasonable limit fixed. He can not, after failing to comply with the order, insist upon the change of venue.

APPEAL from the *Hendricks* Circuit Court.

RAY, CH. J.—On the 24th day of *August*, 1863, the appellant filed, in the *Hendricks* Circuit Court, his affidavit for a change of venue from the county of *Hendricks*. The change was granted, and an order made that, " upon the payment of costs occasioned by such change of venue, the clerk shall make out a certified transcript," etc. At the next term of the *Hendricks* Circuit Court, on the 22d day of *February*, 1864, the following entry appears: "Come now the parties by counsel, and it appearing to the court that the defendant failed to comply with the order of the change of venue granted herein, before the ensuing term of the *Marion* Circuit Court, on motion of the plaintiff, it is ordered that said cause be reinstated upon the docket of this court, and that the clerk of the *Marion* Circuit Court forthwith return the papers of said cause to the clerk of this court." To this the appellant excepted. The case was tried at the same term of the court, and judgment rendered against appellant.

The order of the court setting aside the change of venue is assigned for error.

The statute provides that, on the change being granted, "if the party applying for the change of venue shall fail to perfect the same ten days before the first day of the next term of the court to which the change is taken, or within such time as the court shall prescribe in the order granting the change, said party shall pay all the costs made in the case up to the time of such failure." In *Howard* v.

*Barbee et al.*, 21 Ind. 221, the court, in construing this language, say: "We think it was the purpose of this act to compel the person who should thus delay a trial to pay costs, and by this means prevent more delay. But we do not believe it was the intention to give the right to a change, after a reasonable time had elapsed, to perfect it after the order had been made." This we regard as the true rule, and the "reasonable time" is fixed by the statute, unless expressly extended by the court in the order. The change must be perfected ten days before the first day of the next term of the court to which the change has been granted. If that time may seem too limited, the party asking the change, at the time of making his application, can have a reasonable limit fixed, and upon refusal by the court to grant such extension of time, can by proper exceptions reserve the question for final review in this court. He can not, however, secure the benefit of the postponement of the trial without any application for extension of time, and then, after failing to comply with the order, insist upon the change of venue. In that instance, the next term of the court to which the change was granted commenced on the 4th *Monday* of the succeeding month. The action of the court having been in accordance with this construction of the statute, the judgment should be affirmed.

Judgment affirmed, with costs and three per cent. damages.

*P. S. Kennedy*, for appellant.
*C. C. Nave*, for appellee.