### Dooley *v.* Martin.

SUPREME COURT.—PRACTICE.—Motions to correct a record must be made in the court below.

SAME.—Where a record had been amended by the court below, after the term, and there had been no exception taken and no motion made below to restore the original record, it was held that the Supreme Court could only look at the record as sent up, and would presume in favor of the action of the court below.

CHANGE OF VENUE.—When a change of venue is ordered in time for the

change to be perfected for the then next term of the court to which the change is taken, and it is not so perfected until afterwards, the court from which the change was taken may order the papers returned and resume the control of the case.

SAME—In such case, no certificate of the clerk of the court to which the change was ordered is necessary.

ABSTRACT.—The court declined to examine an assignment of error on the overruling of a motion for a continuance, because the abstract of the appellant was not sufficient to present the question.

APPEAL from the *Fountain* Circuit Court.

GREGORY, J.—*Martin* sued *Dooley* before a justice of the peace on an account for feeding and taking care of a horse, from the 26th of *August*, 1862, to *April* 19th, 1864, in four separate items, varying the price per week from $2 50 to $4 60; and also for attending the horse in standing for mares for three months, at $30 per month, making in the aggregate $354 91. The credits on the account filed, amounting in the aggregate to $155, consist of divers items of cash received, and a stove.

The defendant answered: 1. The general denial. 2. A partnership in the earnings of the horse. 3. A set-off, consisting of a drug bill of $99 40. A jury trial before the justice resulted in a verdict and judgment for the plaintiff for $154 35. The defendant appealed to the Circuit Court. At the *February* term, 1865, the appellant filed his affidavit for a change of venue. The court ordered a change to the *Warren* Circuit Court, on the usual condition of the payment of the costs of the change. The then next term of the latter court commenced on the third *Monday* of *April*. There was no time fixed by the court within which the change should be perfected. At the *August* term of the *Fountain* Circuit Court, on the motion of the appellee, the papers were ordered back from the *Warren* Circuit Court, on the ground that the appellant had not perfected the change of venue until after the *April* term of the latter court. The papers were returned during the *August* term of the former court. The appellant filed an affidavit for a continuance, which was overruled. The case was tried by the court, resulting

Dooley *v.* Martin.

in a finding for the appellee for $137 67. Motions by the appellant for a new trial and to tax the cost of the appeal against the appellee were overruled.

The evidence is in the record. *Martin*, the appellee, was the only witness. He testified that he contracted with *Dooley*, the appellant, in *August*, 1862, to keep a stallion for him at $2 50 per week; that he kept the horse for a time at that price; that when feed got higher he raised the price of keeping, but that he never informed the defendant of this increase in the price of the horse's board at any time. For the three months of the standing season, he charged the defendant $30 per month for attending the horse, in addition to what he charged him for his board. This price was at that time the customary charge for attending to a stallion during the standing season. The defendant had never agreed to pay the $30 a month. When witness made the contract for keeping the horse he knew him to be a stallion, but the $2 50 per week was for board of the horse, and not for standing him. Witness never agreed to keep the horse for one-half his earnings. The horse was a very fine animal, and witness stood him at a higher price than any other stallion in his charge. The drug bill of defendant, witness admitted to be correct. The allegations of the complaint are all true; the witness kept the horse during the time therein specified. There are no credits on the bill of witness, save those set out in complaint. Witness took the horse on the 26th of *August*, 1862, and he was taken away on the 18th of *April*, 1864.

An affidavit is filed in this court setting forth that the entry of the trial, as it originally stood in the order book, stated that "on plaintiff's motion this cause is set down for trial before the court." That at the *August* term, 1866, a year after the trial, by an *ex parte* order of the court, the words "on plaintiff's motion" were erased, and the words "by agreement of parties" were inserted in lieu thereof. The transcript of the record, as certified to us, contains the interlineation. The clerk certifies that this interlineation

was done by order of the court, at the *August* term thereof, for the year 1866, and by such order entered *nunc pro tunc*. There was no motion made in the court below to set aside this order, nor was there any exception taken to the making of it.

Motions to correct a record must be made in the court below. This court can by *certiorari* have an omission in the transcript supplied, or any improper matter therein corrected, by having the true record certified, but the record itself is made by the court below. If the order was improperly made in the absence of the appellant, and without notice to him, the remedy is by motion in the court below. While the amendment stands, this court has no power to make the correction. The transcript of the record, as certified to us, shows that the correction was made by order of the court. We will presume, in the absence of anything showing the contrary, that the court below acted properly in making the correction. We cannot correct the errors of the court below on affidavit of the party asking the correction. We look alone to the transcript as certified to us by the clerk under the seal of the court.

The first alleged error complained of is the order of the *Fountain* Circuit Court requiring the return of the papers from the *Warren* Circuit Court. It is claimed that this order was made on the oral motion of the appellee, without an affidavit of the facts upon which it was founded. There is no bill of exceptions showing on what the court acted in making the order. The affidavit, if one was made, on which this motion was based, is no part of the record, unless made so by bill of exceptions. 2 G. & H., § 559, p. 273. The order was correctly made. *Lingerman* v. *The State ex rel., &c.*, 23 Ind. 320.

As the change of venue was never completed, and the time for its completion had expired, the case was still in the *Fountain* Circuit Court, and no certificate of the clerk of the *Warren* Circuit Court was required. The former court knew its own record.

The next alleged error complained of is the overruling of the appellant's motion for a continuance. The appellant has not complied with rule ten of this court, so far as this point is involved. He has failed to set forth "so much of the transcript as is necessary to present the error assigned." The abstract is silent as to the facts relied on for the continuance. There is, indeed, an index by which we can find the affidavit in the transcript, but this is not a compliance with the rule.

It is claimed that there was a trial by the court without the consent of the appellant. The fact is otherwise, as shown by the transcript of the record certified to us.

The next error relied on, and one for which the judgment below must, in our opinion, be reversed, is the overruling of the motion for a new trial. The finding of the court below is not sustained by the evidence. The appellee was the only witness. The court had no right to take his own testimony in his favor and reject that which made against him. The appellee having made a bargain in *August*, 1862, to keep the horse at $2 50 per week, had no legal right to raise the price without the consent of the appellant, simply because the price of horse-feed had advanced. But, in addition to this, it is difficult, if not impossible, to sustain the finding on any hypothesis founded on the pleadings and evidence. The plaintiff's account was for $199 91; he admitted on the trial that the defendant's drug bill of $99 40 was correct. This would leave only $100 51, and yet the finding was for $137 67.

There is no proof in the record that the appellee was authorized by the appellant to stand the horse. In the absence of such proof, we do not see what right the appellee has to charge the appellant $90 for attending the horse in standing for mares. It is true the appellant set up a partnership in the avails of the horse, but under the general denial the plaintiff was put to his proof of every item of his account. The question of cost becomes immaterial.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to grant a new trial, and for further proceedings.

J. Buchanan, for appellant.

M. M. Milford and M. M. Milford, for appellee.