Hamrick *v.* The Danville and North Salem Gravel Road Company.

The judgment is affirmed, with costs and five per cent. damages.

*R. A. Hill,* for appellant.

*S. R. Hornbrook* and *J. M. Shackelford,* for appellee.

———————o———————

HAMRICK *v.* THE DANVILLE AND NORTH SALEM GRAVEL ROAD COMPANY.

WAIVER.—Where parties to an action have waived such objections as they may waive, judicial tribunals cannot ordinarily annul or disregard such waiver.

SAME.—*Change of Venue.*—After answer filed in a cause in the court of common pleas, the defendant moved to change the venue from the county, supporting his motion by proper affidavit; whereupon, by agreement, the venue was changed to the common pleas of an adjoining county and the third day of the succeeding term of that court was fixed for trial, on which day the parties appeared in the latter court, and the plaintiff filed a demurrer to the answer.

*Held,* that the court to which the change was taken, it having jurisdiction of the subject-matter of the action, could not, on its own motion, over the objection of the defendant, strike the cause from its docket and remand it to the court granting the change, at the costs of the defendant, for the reason that it had been neglected to transmit the record and papers until within ten days before the first day of such term.

APPEAL from the Hendricks Common Pleas.

FRAZER, C. J.—This cause was commenced in the Court of Common Pleas of Hendricks county. Subsequently, and after answer filed, the appellant moved to change the venue from the county, supporting his motion by proper affidavit, and thereupon, by agreement, the venue was changed to the Putnam Common Pleas, and the third day of the succeeding term of that court fixed for the trial. On that day the parties appeared in Putnam, and the appellee filed a demurrer to the answer. But it had been neglected to transmit the record and papers until within ten days of the first day of the term in Putnam, and upon that

ground the court, thereupon, on its own motion, struck the cause from its docket and directed its action to be certified, together with the papers, &c., to the Hendricks Common Pleas, at the costs of the appellant, to all which he excepted. This order being executed, the Hendricks Common Pleas afterwards took jurisdiction of the cause, over the appellant's objection, and, he declining further to appear, proceeded to final judgment therein.

The subject-matter of the suit was within the jurisdiction of the Common Pleas of Putnam, and the full appearance of the parties there gave that court jurisdiction of them. Its jurisdiction of the cause was thereupon complete. *Street* v. *Chapman*, 29 Ind. 142; *Cox* v. *Pruitt*, 25 Ind. 90; *Smith* v. *Jeffries*, id. 376.

It is not in the discretion of our courts whether or not they will try causes properly before them. They must proceed. They cannot, of their own motion, avoid it. Parties having waived such objections as they may waive, judicial tribunals cannot, ordinarily, annul or disregard such waiver.

Judgment and all proceedings back to and including the action of the court of common pleas in striking the cause from its docket reversed, with costs. Cause remanded, with directions to the Court of Common Pleas of Hendricks county to send a transcript of its proceedings, with the papers of the cause, to the Putnam court, and to the latter court to proceed with the cause.

*C. C. Nave*, for appellant.

*L. M. Campbell*, for appellee.