THE INDIANAPOLIS AND ST. LOUIS RAILROAD COMPANY *v.* SMYTHE.

CHANGE OF VENUE.—When a party, to whom a change of venue has been granted to another county, fails to perfect the change within ten days before the first day of the next term of the court to which the case is ordered to be sent, or

The Indianapolis and St. Louis Railroad Co. *v.* Smythe.

within the time specified in the order, another change of venue cannot be granted to such party.

HARMLESS ERROR.—*Evidence.*—A judgment will not be reversed because of the admission of incompetent testimony, when it is apparent that the objecting party was not injured by it.

RAILROAD.—*Appropriation of Land.*—In a proceeding under the general railroad law to condemn land, etc., it is not necessary in rendering judgment in favor of a land-owner for the damages assessed, to provide that a deed shall be executed to the railroad company for the land condemned. The title which the company gets is acquired under the statute.

JUDGMENT.—*Exception to.*—A general exception to any judgment presents no question on appeal as to the form of the judgment as rendered.

NEW TRIAL.—*Demurrer.*—The sustaining or overruling of a demurrer cannot be a cause for a new trial.

From the Putnam Circuit Court.

*M. A. Osborn,* for appellant.

*S. Claypool* and *C. C. Matson,* for appellee.

OSBORN, J.—This was a proceeding for the appropriation of certain real estate of the appellee by the appellant for its railroad, under section 15, G. & H. 509. Appraisers were appointed by the judge on the application of the appellant, who assessed the damages and made their report to the clerk of the court. Within ten days, the appellee filed exceptions to the award of the appraisers. The appellant moved to strike out four of the exceptions. The motion was sustained as to two, and overruled as to the others. A demurrer was then filed to the exceptions, which was overruled. Exceptions were taken to both rulings. A review and re-appraisement of the premises was then ordered by the court, without objection by either party, and a jury requested by the appellee to try the issues.

At the next term, being the April term, 1870, and on the 12th day of April, the appellant, on affidavit filed, obtained an order for a change of venue of the cause to the Monroe Circuit Court. By that order, the clerk was directed to transmit the transcript of the proceedings and papers to the Monroe Circuit Court upon payment of the costs occasioned by the change.

At the October term of the court, on motion of the appellee, founded upon his affidavit, the cause was reinstated upon the docket and the clerk of the Monroe Circuit Court ordered to transmit the papers in the cause to the clerk of the Putnam Circuit Court immediately. Afterward, at the same term, the appellant appeared to the action or proceeding and filed a motion, sustained by affidavit, to change the venue on account of the bias of the judge. A time was fixed for the trial of the cause in vacation, but the time passed without trial. At the April term of the court for 1871, the parties again appeared, and the appellant filed the affidavit of its attorney, stating why the change of venue was not perfected ten days before the the first day of the Monroe Circuit Court, after the change was granted; that he believed that the appellant could not have a fair and impartial trial in Putnam county, owing to the bias and prejudice of the people of the county against the appellant, and that all the causes for a change of venue existing at the time of the first application continued to exist, and moved the court to send the cause back to the Monroe Circuit Court for trial, or that the venue of the cause be changed from Putnam county. The motion was overruled, and the appellant excepted and filed a bill of exceptions, setting out the motion and affidavit.

The cause was tried by a jury, who rendered a general verdict for the appellee for eleven hundred dollars, and at the request of the appellant, answered certain interrogatories. The first one was as follows: "What amount do you allow the defendant on account of the land taken by the railroad company? Ans. One hundred and seventy-five dollars." The third was as follows: "What amount do you allow the defendant for damages to land not taken by the railroad company? Ans. Nine hundred and twenty-five dollars." Other interrogatories were propounded with a view to ascertain whether anything, and what amount, was allowed on account of other claims for damages; the answers to which showed that nothing was allowed except the two items already mentioned.

The appellant filed a motion for a new trial, which was overruled, and an exception was taken. Final judgment was rendered on the verdict that the land be condemned to the use of the appellant, and that the appellee recover the amount found by the jury, with costs, to which judgment the appellant excepted. The reasons for a new trial as stated in the motion are, 1st. Error of the court in overruling the demurrer to the exceptions to the award. 2d. Error of the court in admitting testimony of damages to the lands of the appellee, not mentioned in his exceptions. 3d. Error in overruling objections to proof of value in removing fences and a barn. 4th. The damages assessed by the jury are excessive. 5th. The verdict is contrary to the evidence. 6th. The verdict is contrary to the law and the instructions of the court. 7th. Error in overruling motion to send cause back to Monroe county for trial and to change the venue to that county.

The errors assigned are, 1st. In overruling the motion for a new trial. 2d. In rendering a judgment for appellee and not ordering a deed to be made to appellant.

We will dispose of the last reason for a new trial first, because, if that is sustained, it will not be necessary to consider any other.

The statute regulating changes of venue in civil cases, 2 G. & H. 155, section 208, provides that if a party applying for a change shall fail to perfect the same ten days before the first day of the next term of the court to which the change is taken, or within such time as the court shall prescribe in the order granting the change, he shall pay all the costs made in the case up to the time of such failure. In *Rogers* v. *Stevens*, 8 Ind. 464, it was held that if the party obtaining the order for the change fails to pay the costs, etc., he loses the benefit of the order; it ceases to operate after the expiration of such time; and the cause remains pending, as if no order of change had been made. In that case, the court, from which the change of venue was granted, ordered the papers returned from the court to which it had

been changed.   It was held that no error was committed in ordering the clerk of the latter court to return the papers and in trying the cause.   *Howard* v. *Barbee,* 21 Ind. 221, was in some of its features like the one at bar.   In that case, it was shown as an excuse for not paying the costs, that the clerk would not receive them, etc., but the court ordered the cause back and tried it, and this court held that the court committed no error.   In *Lingerman* v. *The State,* 23 Ind. 320, it was said: "The change must be perfected ten days before the first day of the next term of the court to which the change has been granted.   If that time may seem too limited, the party asking the change, at the time of making his application, can have a reasonable limit fixed, and upon refusal by the court to grant such extension of time, can by proper exceptions reserve the question for final review in this court.   He cannot, however, secure the benefit of the postponement of the trial without any application for extension of time, and then, after failing to comply with the order, insist upon the change of venue."

To the same effect is *Dooley* v. *Martin,* 28 Ind. 189.   In *Hamrick* v. *The Danville, etc., Gravel Road Company,* 32 Ind. 347, the parties had appeared to the action in the court to which the change had been granted, and that court had acquired jurisdiction of them.   In the case at bar, there had been no appearance.   In that case, the court remanded the cause on its own motion after appearance.   Here, there was no waiver by the appellee.   This case is not like that, but more like those before referred to.

The first case was decided before the law provided that the court might fix the time, within which the change should be perfected.   The same section also provides, that "only one change of venue shall be granted to the same party."   We do not think that the failure to perfect the change secures to the party the right to a second order for a change of venue. The language of the statute is, that only one change shall be granted.   To hold that the statute only includes grants perfected, would give to the party the power of perpetual

continuance on payment of costs, under the guise of a change of venue. The court has no discretion when a proper affidavit is filed. On the filing of such an affidavit, the order for a change must be made. The court committed no error in refusing to remand the cause to the Monroe Circuit Court, or in refusing to grant a second order for a change of venue. See *Millison* v. *Holmes*, 1 Ind. 45, and *Nave* v. *Lane*, 12 Ind. 318.

The first reason for a new trial is not a ground for a new trial. The second is not available in this case. Two of the exceptions to the award were, that the damages awarded for lands taken and not taken are entirely inadequate to the injury actually sustained. Those exceptions covered all the damages to land by the appropriation. No evidence was admitted relative to or touching the damages not mentioned in the exceptions. The special finding of the jury in answer to the interrogatories shows that no damages were allowed for removing fences or a barn. The two items of one hundred and seventy-five dollars and nine hundred and twenty-five dollars make one thousand and one hundred dollars, the amount of the general verdict. The first for land taken, and the other for damages to land not taken. So that, if the court admitted incompetent testimony, it is shown by the special finding of the jury that it did the appellant no harm.

We have carefully read the evidence and think it sustains the verdict, and that the damages assessed are not excessive.

The jury were permitted to view the premises under special instructions of the court, before hearing any of the evidence. By agreement of the parties, witnesses were permitted to state their opinions as to the amount of damages sustained by the appellee. As might be expected, there was a wide difference in the amounts testified to. But we think, taking into consideration all the evidence on the subject, that the damages are not excessive. Indeed, we think the jury would have been justified in fixing it at a higher sum.

We see no objection to the judgment. The company had taken possession of the land appropriated and constructed its road upon it. No objection was made to the form of the judgment. No motion was made to modify or change it. On overruling the motion for a new trial, the court rendered judgment condemning the land for railroad purposes and against the company for one thousand one hundred dollars, and for costs. The only objection or exception made or taken to the judgment appears by the words, "to which judgment the plaintiff excepts," immediately following the judgment. The exception is general to any judgment. It is too late to urge in this court that the judgment should have required the appellee to make a conveyance for the land taken. Besides, we do not think the statute requires a deed in such cases. The title which the company gets is acquired under the statute. The case of *The Evansville, etc., Railroad Company* v. *Miller*, 30 Ind. 209, was under a special charter. The court, on page 210, say, that the judgment was rendered for the damages, without any decree for a conveyance upon the payment of the money, in violation of the express letter of the act under which the proceedings were had. It does not appear in the opinion, whether the proper objection was made to the form of the judgment in the court below. We presume it was, however. *Brown* v. *Ellis*, 35 Ind. 377; *Smith* v. *Dodds*, 35 Ind. 452; *Jemison* v. *Walsh*, 30 Ind. 167

The judgment is affirmed, with costs and five per cent. damages.