## Shirts *v.* Irons.

PRACTICE.—*New Trial.—More Than two New Trials.—Statute Construed.—* That part of the eighth specification of section 352 of the code (2 G. & H. 211), which provides, that not more than two new trials shall be granted to the same party in the same cause, means that where two new trials have been granted in the same cause to the same party, either by the court below or the Supreme Court, exclusively for any of the reasons specified in said section as causes for a new trial, another new trial cannot be granted to the same party in such cause for any of the reasons specified in said section. But the Supreme Court may reverse a judgment for erroneous rulings upon pleadings, or other matters not constituting reasons for a new trial within the meaning of said section, after there have been two new trials, granted for reasons specified in said section, although such reversal may result in another trial upon the merits. *Roberts* v. *Robeson,* 22 Ind. 456, and *Carmichael* v. *Geary,* 27 Ind. 362, modified.

PLEADING.—*Supplemental Complaint.*—A complaint, or paragraph of complaint, alleging that since a former trial certain notes constituting the foundation of the suit have been lost, is not a supplemental complaint, and is a nullity.

SAME.—*Departure.—Reply.*—Where a complaint is upon a promissory note made by the defendant, and the defendant answers that the note was given for the plaintiff's interest in partnership goods held by the plaintiff and the defendant, and that the defendant has since paid partnership debts, for which he asks a set-off against the notes, it is not a departure for the plaintiff to reply that the defendant agreed in writing, as a part of the consideration for the goods, to pay the debts of the firm.

SAME.—A reply which sets up matter which is not inconsistent with the complaint, but which tends to support and justify it, is not a departure.

VENUE.—*Change of Venue.—Presumption.*—Where the venue of a cause is changed, but it does not appear whether by motion or by agreement, it will be presumed that it was rightfully changed.

SAME.—After an appearance, and after the jurisdiction of the court to which a

cause is sent on a change of venue has been recognized, the court may refuse to remand the cause back to the court from which it was changed.

From the Tipton Circuit Court.

*T. J. Kane*, *A. F. Shirts*, and *D. Moss*, for appellant.

*J. W. Evans*, *J. Green*, and *D. Waugh*, for appellee.

BUSKIRK, C. J.—The appellee has moved to dismiss this appeal, on the ground that two new trials have been already granted to the appellant. The motion is supported by affidavit, in which the history of the case is given, and an examination of the records of this court shows that the facts recited are true, and they are:

1. This case was first tried before a jury in Hamilton county, in December, 1866, when a verdict and judgment were rendered for the appellee. The appellant appealed to this court, and at the November term, 1868, the judgment of the court below was reversed by this court for the giving of erroneous instructions, and the cause was remanded for a new trial. See *Shirts* v. *Irons*, 28 Ind. 458.

2. This cause was afterward tried in said county, before a jury, upon the same issues, and again resulted in a verdict and judgment in favor of the appellee, from which the appellant appealed to this court. At the November term, 1871, of this court, an opinion was announced reversing the judgment of the court below, upon the ground that the court below had excluded competent evidence, and the cause was remanded to the court below for a new trial. *Shirts* v. *Irons*, 37 Ind. 98.

3. After the cause was remanded, the venue was changed to the Tipton Circuit Court, and some changes were made in the pleadings, but the issues were substantially the same as upon the former trials. The cause was, for the third time, submitted to a jury for trial, and again resulted in a verdict in favor of the appellee. The court overruled the appellant's motion for a new trial, and rendered judgment on the verdict, from which judgment the appellant again appeals, and asks a reversal of the judgment.

Section 352 of the code, 2 G. & H. 211, provides, that new trials may be granted for eight reasons, and then provides, "but not more than two new trials shall be granted to the same party in the same cause."

It was held by this court, in *Roberts* v. *Robeson*, 22 Ind. 456, that the word "cause," as used in the above statute, did not refer to the reason for which a new trial might be granted; but that it was used as synonymous with the word "case," that is, that no more than two new trials shall be granted to the same party in the same suit, litigation, or case.

In *Carmichael* v. *Geary*, 27 Ind. 362, it was held, that under the statute no more than two new trials can be granted to the same party; and when two new trials have been granted to a party, whether by the court below, on motion, or by a reversal in this court, on appeal, the judgment cannot be reversed, though error may have been committed on the last trial.

The above cases dispose of the point relied upon by the appellant, that the issues were changed upon the last trial. We do not think that there was any substantial change of the issues, but if there had been such change it would have been the same case.

It was well said by this court, in *Roberts* v. *Robeson, supra,* that if the word "cause" should be regarded as synonymous with the word "reason," as applied to new trials, the new trials thus granted might not be limited to even sixteen, for the first subdivision is "'irregularity in the proceedings of the court, jury, or prevailing party, or any order of court, or abuse of discretion, by which the party was prevented from having a fair trial.' Many things might occur that could be assigned under this clause, each of which would entitle the losing, or injured party, to a new trial." So, many different causes, or reasons, for a new trial might be assigned under the eighth subdivision of said section. If the construction contended for be correct, there might be some twenty or twenty-five new trials granted to the same party in the same

case, but for different causes. The language of the statute is, "in the same cause," and not "for the same cause." This court, in *Roberts* v. *Robeson, supra,* say: "In this conclusion we are strengthened by the different language adopted by the same body of law-makers, in regard to applications for new trials in criminal trials; which may be made for five general reasons, the last being as follows: '5th. When the verdict is contrary to law or evidence; but not more than two new trials shall be granted for this cause alone;' 2 G. & H. 424; showing that in criminal cases the limit does not attach as to the other causes which might be set forth."

It is also insisted by the appellant, that this case does not come within the statutory rule, because the cause was not tried the first time upon its real merits, and in support of this position reference is made to the case of *Judah* v. *The Trustees of Vincennes University,* 23 Ind. 272. It was held in that case, that it did not come within the statute in question, for the reason that the issue formed, and upon which the trial was had, was immaterial, and consequently there had been, in fact, no trial of any issue that determined any question in the cause; in other words, that there had been a mistrial, which left the real merits of the case untried and undetermined. The court, in placing a construction upon the statute, say: "The statute simply means that when three juries have concurred in finding the matters actually in litigation against a party, the courts shall not disturb the verdict on his application."

It is quite obvious, from the foregoing review of the decisions of this court, that the rule has been established that where two new trials have been granted to the same party in the same cause, for any cause, such party will not be entitled to another new trial.

The question is presented for decision, whether, when this court reverses a judgment for erroneous rulings on the pleadings, or upon any ground which does not constitute a reason for a new trial, and such reversal results in another trial, such

new trial should be regarded as a new trial within the meaning of the clause which provides, that "not more than two new trials shall be granted to the same party in the same cause."

Section 352 of the code, 2 G. & H. 211, provides for and regulates the granting of new trials in civil cases. It enumerates eight causes, or reasons, for which new trials may be granted. The first and eighth causes contain quite a number of specifications for which a new trial may be granted. The eighth specification contains the words above quoted, prohibiting the granting of more than two new trials to the same party in the same cause. It seems to us, from the language employed, and especially when viewed in connection with the subject-matter of the context, that the legislature intended to provide that not more than two new trials should be granted in the same cause, to the same party, for any of the reasons specified in said section as causes for a new trial, and that it was not intended to embrace new trials which resulted from reversals by this court for erroneous rulings in reference to the sufficiency of the pleadings, or other matters not constituting reasons for a new trial within the meaning of said section. This view is greatly strengthened by the construction which has been placed upon similar statutory provisions in other states. In Mississippi, Tennessee, and Missouri, they have, in substance, the same provision in reference to the granting of successive new trials which we have in this State. In those states, the rule has been restricted to cases where new trials had been granted for the want of sufficient evidence to support the verdict; and by repeated decisions in such states it is settled, that the statutory rule does not apply where another trial had been ordered for erroneous rulings on the pleadings, or on the admission of improper evidence, or in the exclusion of competent evidence, or in giving erroneous instructions, or in refusing to give proper charges to the jury. *Ray* v. *McCary*, 26 Miss. 404; *Garnett* v. *Kirkman*, 33 Miss. 389; *Wildy* v. *Bonney's Lessee*,

35 Miss. 77 ; *Philbrick* v. *Holloway*, 6 How. Miss. 91 ; *Wilson* v. *Greer*, 7 Humph. 513 ; *Turner* v. *Ross*, 1 Humph. 16 ; *Trott* v. *West*, Meigs, 163 ; *East Tenn., etc., R. R. Co.* v. *Hackney*, 1 Head, 169 ; *Hill* v. *Deaver*, 7 Mo. 57 ; *Humbert* v. *Eckert*, 7 Mo. 259 ; *Ramsey* v. *Hamilton*, 14 Mo. 358 ; *Boyce's Adm'r* v. *Smith's Adm'r*, 16 Mo. 317 ; *Harrison* v. *Cachelin*, 23 Mo. 117. See, also, note *a*, pp. 76, 77, 78, 79, 80, and 81, of Hilliard on New Trials.

In our opinion, the previous rulings of this court have improperly extended the statute to cases where new trials have resulted from erroneous rulings on the pleadings and other questions which do not have to be assigned as reasons for a new trial. And, on the other hand, we do not think we can, in view of the connection in which the language is used, and the long settled construction of this court, limit and restrict the application, as has been done in the above named states, to cases where new trials have been granted because the verdict was not supported by sufficient evidence. We think the true rule is, that where two new trials have been granted in the same cause to the same party, either by the court below or by this court, exclusively for any of the reasons specified in section 352, another new trial cannot be granted to the same party in such cause for any of the reasons specified in said section ; but that this court may reverse a judgment for the erroneous rulings of the court below on the pleadings, or other matters which do not constitute reasons for a new trial, although such reversal may result in another trial in the court below upon the merits of the case. The previous rulings of this court, in the cases hereinbefore cited, are modified so as to conform to the rule above stated.

The conclusion reached renders it impossible for us to examine or review any question which is presented by the action of the court below in overruling the motion for a new trial.

This leaves for our examination and decision the following assignments of error :

Shirts *v.* Irons.

1. That the court erred in overruling the demurrer to the supplemental complaint.

2. That the court erred in overruling the demurrers to the fifth and sixth paragraphs of the reply.

3. That the court erred in refusing to transfer said cause back to the Hamilton Common Pleas Court, from which it came, on the application of the appellant.

The original complaint consisted of three paragraphs. The first two were based upon two several notes. The third was upon the common counts. After the venue was changed to Tipton county, the plaintiff filed what he was pleased to call a supplemental complaint, in which it was alleged that since the last trial the notes which were the foundation of the first and second paragraphs of the complaint had been lost, or destroyed, or surreptitiously removed from the clerk's office of Hamilton county, where they had been placed by the plaintiff at the former trial; that after the most diligent search the same could not be found; that the copies of said notes filed with the original notes were true and correct in all particulars, which copies were filed with such supplemental complaint. The prayer of the complaint was, that the plaintiff might be permitted to introduce parol evidence of all the facts so alleged.

To this a demurrer was overruled, and appellant excepted. The paper possessed none of the elements or attributes of a supplemental complaint. *Musselman* v. *Manly*, 42 Ind. 462.

It should have been struck out on motion, or by the court of its motion. It presented no issue. It was a nullity. It was, at best, notice to the court and opposite party that upon the trial the plaintiff intended to offer parol proof of the loss or destruction of the notes sued on, and secondary evidence of their contents.

The demurrers should have been sustained, but the overruling of it did not injure the appellant. The practice is anomalous, abnormal, and unprecedented, and is not to be commended or encouraged.

The fifth paragraph of the reply was addressed to the

third and so much of the eighth paragraph of the answer as charged the plaintiff with the payment by the defendant. of the debts of the plaintiff and defendant while they were doing business as partners.    It alleged, that at the time of the execution of the notes sued on, the plaintiff sold to the defendant his undivided interest in a stock of sutler's goods, and that such defendant, as a part consideration for said pur- chase, agreed in writing to pay off all of the said debts set up and described in said answers ; a copy of which agree- ment was filed with and made a part of such reply; that by the mistake and inadvertence of the defendant in drafting such agreement, the same was dated January 2d, 1863, when it should have been dated January 2d, 1864.    The prayer was for the correction and reformation of such written agree- ·   ment in reference to its date.

The sixth paragraph of the reply was the same as the fifth, except that it was addressed to other paragraphs of the answer.

It is claimed by counsel for appellant, that these para- graphs of reply were a departure from the complaint.    The case made is this :    The plaintiff sued defendant upon two notes.    The defendant admits the execution of the notes, but says that they were given in consideration of the sale by the plaintiff of his interest in a partnership ; that at the time of such sale the firm was indebted in a large sum, which defendant had paid off, and now seeks to set off the amount so paid against the notes.

The plaintiff, in such paragraphs of the reply, admits the consideration of the notes to be as charged, admits the indebtedness of such firm, and its payment by defendant, but says that as a part consideration for said purchase the defendant agreed in writing to pay off and discharge all of said debts against said firm and that by mistake the defend- ant placed the wrong date to such agreement, which mistake is asked to be corrected.

A departure under the code is thus defined in Moak's Van Santvoord's Pleadings, on page 719 : " Under the code,

as under the old practice, the plaintiff is not permitted to quit or depart from the case made by him in his complaint. The reply may allege new matter 'not inconsistent with the complaint.' It is to be observed, however, that matter which maintains and fortifies the declaration was not a departure ; nor would such matter be 'inconsistent,' under the code. Thus, in trespass for an assault at H, if the defendant pleads *molliter manus imposuit*, to remove the plaintiff from his close at A, and the plaintiff reply that he had a right of way over that close, it is not a departure. So, in an action of debt on a judgment, the defendant pleaded an insolvent discharge, and the plaintiff replied that the judgment was rendered in another state on certain notes and promises in writing, made prior to the discharge. This was held to be not inconsistent with the declaration and no departure therefrom ; but, on the contrary, was matter merely explanatory of the declaration and tending to support and fortify it."

• In our opinion, the matters set up in the reply were not "inconsistent with the complaint," but tended to support and fortify it.

The paragraphs of the answer, to which the fifth and sixth paragraphs of the reply were addressed, were in the nature of set-offs. It surely would not have been a departure for the plaintiff to have replied, that he had paid the firm debts. Then, why is it a departure for the plaintiff, while admitting the payment of the firm debts by the defendant, to allege that he did so in pursuance of his own written agreement? If the defendant did agree, in writing, that he would pay the debts of the old firm, the agreement being supported by a sufficient consideration was valid and binding, and the creditors were entitled to sue on such agreement. *Johnson* v. *Britton*, 23 Ind. 105 ; *Devol* v. *McIntosh*, 23 Ind. 529.

The court committed no error in overruling the demurrers to the fifth and sixth paragraphs of the reply.

It does not appear from the record whether the venue was changed by agreement or upon the application of one

of the parties, supported by affidavit.　In the absence of any showing on the point, we will presume that the venue was rightfully changed.　But it does appear from the record, that the appellant made a full appearance to the action in the Tipton Circuit Court, without objection, and at different times, and in various ways, recognized the jurisdiction of the court.　Under such a state of facts, the court correctly refused to remand the cause to the Hamilton Circuit Court. *The Indianapolis, etc., R. R. Co.* v. *Smythe,* 45 Ind. 322 ; *The Aurora Fire Ins. Co.* v. *Johnson,* 46 Ind. 315, and the numerous cases there cited.

The judgment is affirmed, with costs.