## HILL v. DEAVER.

1. The error of law alluded to in the second section of the act regulating "Practice at Law," (R. C. 1835, p. 470)—on a motion for a second new trial—must be a misconception of the instructions of the court, or of the general law governing the case (where no instructions have been given,) or an entire disregard of such instructions, which must be inferred from by a comparison of the verdict with the facts in evidence.

2. But where there is conflicting testimony submitted to the jury, and the facts found are supported by the testimony, there is no ground for supposing a misapprehension or perversion of the law, and consequently no ground for a second new trial.

*Opinion of the Court by Napton, Judge.*

Hill
v.
Deavor.

Hill sued Deavor in assumpsit for certain lumber furnished the latter, at his special instance and request. The defendant plead the general issue, and went to trial. Verdict was for plaintiff, defendant moved for a new trial, because the verdict was against evidence and against law, and because new testimony had been discovered. The motion was sustained, and a new trial granted. The second trial resulted as the first, in favor of the plaintiff, and defendant again moved for a new trial, on the grounds that the verdict was against law and evidence, against the instructions of the court, and because new testimony had been discovered. An additional motion was filed, asking for a new trial, because the jury had erred in a matter of law in this : "That there was no evidence that defendant ever made any contract in writing with plaintiff for the lumber alleged to have been sold by plaintiff to defendant, nor that there was any part payment for said lumber by defendant, or any thing given by way of earnest, or that there was any delivery of said lumber to defendant. And also in this, that there was no evidence that this lumber was ever delivered to any one by the request of the defendant, or by authority of defendant on defendant's account, Yet the jury, in violation of the law concerning contracts and the general law, &c. gave a verdict for plaintiff."

This motion was also sustained by the court, and a second new trial awarded, to which decision of the court, the plaintiff excepted. Upon this trial the defendant had a verdict and judgment in his favor. The plaintiff moved to set aside the last verdict, and reinstate the second verdict, because the court had improperly granted the second new trial.

The whole testimony is preserved in the bill of exceptions. A detail of it is not necessary to an understanding of the points involved in this case. It seems that Hill, a lumber merchant, was applied to by a house builder, who had undertaken to put up a house for Deaver, and furnish the materials, for lumber; but Hill refused to let the carpenter have the lumber unless upon an order from Deaver. An

order for one hundred dollars worth was procured by the carpenter from Deaver's clerk, which was accordingly complied with by Hill. A second application for additional lumber was made, and the same reply was given by Hill, whereupon the carpenter made a second application to Deaver's clerk for another order which the clerk declined giving in Deaver's absence; but according to the testimony of the carpenter, told him to get what lumber he wanted, and have an order for the whole obtained, when Mr. Deaver should return. Hill's clerk testified to about the same thing; but Deaver's clerk testified that he refused to give any order, but advised the house builder to procure what lumber he wished, and get the proper order from Mr. Deaver on his return. The lumber was furnished, to the value of one hundred and ten dollars. Deaver on his return paid off the order for $100, but refused to pay the account for the remaining $110, and for this the action was brought.

The court instructed the jury that if they should be of opinion that a verbal order was given by the defendant, and that the lumber furnished under said order was originally charged by plaintiff to defendant, then they ought to find for plaintiff. But if the jury shall not be satisfied from the evidence that the verbal order was given by the defendant's agent, and was intended by said agent to be charged against defendant, they shall find for defendant. If the jury shall be of opinion that no part of the lumber was delivered to the defendant, or defendant's agent, they must find for defendant.

A second new trial is authorised by our statute only in one of two cases: First, where the jury have erred in a matter of law, and second, where they have been guilty of misbehavior. The last being out of the question here, the only inquiry is as to the existence of the first case. The reasons alleged in the motion for a second new trial, to show that the jury erred in a matter of law, were that there was no evidence to show any contract in *writing* with defendant, nor any part payment, or any earnest, &c. Now the instruction of the court did not require any evidence of a written order, and if the defendant was dissatisfied with

MAY TERM,
1841.

Hill
v.
Deaver.

The error of
law alluded
to in the 2d
sec. of the act
regulating
"Practice at
Law," (R. C.
1835, p. 470,)
—on a motion
for a second
new trial—
must be a mis-
conception of
the instruc-
tions of the
court, or of
general law
governing the
case (where
no instruc-
tions have
been given,)
or an entire
disregard of
such instruc-
tions, which
must be in-
ferred from by
a comparison
of the verdict
with the facts
in evidence.
But where
there is con-
flicting testi-
mony submit-
ted to the
jury, and the
facts found
are supported
by the testi-
mony, there
is no ground
for supposing
a misappre-
hension or
perversion of
the law, and
consequently
no ground for
a second new
trial.

that instruction, he should have sought to correct it by a writ of error or appeal. A new trial could not a second time be granted for misdirection of the court. The error of law alluded to by our act, as this court has upon two previous occasions intimated, (Hill v. Wilkins, Mo. R.; Dickey v. Malechi, 5 Mo. R. p. –,) must be a misconception of the instructions of the court, or of the general law governing the case, (where no instructions have been given,) or an entire disregard of them, which must be inferred by a comparison of the verdict with the facts in testimony.

In this case, the instruction of the court left the jury to adopt either of two hypotheses, and gave them the law governing each. If there was no testimony to maintain the hypothesis found, consistent with the instructions, we might readily conclude either that the jury had misunderstood the instructions, or wilfully disregarded them. In either event, a new trial would be properly granted.

But where there is conflicting testimony submitted to the jury, and the facts found are supported by the testimony, there is no ground for supposing a misapprehension or perversion of the law, and there is no ground for a new trial.

The question before the jury in this case was, whether Deaver, or his agent, had authorised Hill to let the carpenter have lumber. The accounts of what occurred, do not vary much in their terms; but the impression sought to be conveyed by Morris (the house builder) in his testimony is, that Deaver's clerk only objected to giving any more written orders, because of the inconvenience of drawing so many small orders, but distinctly authorized him to procure the lumber on Deaver's account. The same inference might well be drawn from the history of the matter as detailed by the clerk of the plaintiff, Hill. But the clerk of defendant, in his statement, seeks to convey the impression that he declined giving any orders; requested Morris to procure more lumber, but intimated that until Mr. Deaver's return, no responsibility would be incurred by him.

Under this conflicting state of evidence, the jury might well have found as they did without any misconception of the instructions of the court, or any wish to disregard them.

I am therefore of opinion, that the second new trial was improperly granted, and judgment is accordingly reversed, and the cause remanded.