*Ramsey, adm'r of Cox vs. Hamilton.*

---

---

RAMSEY, ADM'R OF COX VS. HAMILTON.

1. A second new trial will not be granted, unless the triers of the fact have erred in a matter of law, or have been guilty of misbehavior.

## APPEAL from Scott Circuit Court.

WELLS & BUCKNER, for appellee.

I. The appellee submits, that the verdict is clearly supported by the evidence, and if it were not, this court will not grant a new trial under the circumstances. The evidence must greatly preponderate against the verdict, to justify this court in invading the province of the jury. No objection having been made to the instructions, and no question of law being raised thereon, this court will not disturb the verdict, particularly as this is the third verdict obtained by the plaintiff. Lackey vs. Lane & McCabe, 7 Mo. R., 220; Shobe vs. Morris, 6 Mo. R., 489; Craig vs. Maupin, 6 Mo. R., 251; 12 Mo. R., 457.

Ramsey, adm'r of Cox vs. Hamilton.

II. There was one trial by jury in the county court, and two trials in the circuit court (A new trial having been granted in the latter.) In all of which the plaintiff obtained verdicts, and unless the jury have misconceived the instructions of the court, this court will not grant a new trial. R. S. sec. 3, art. 7; Hill vs. Deaver, 7 Mo. R., 57; Humbert vs. Eckert, 7 Mo. R. 259.

III. None of the reasons required by the statute for granting a second new trial, are given in the motion for a trial, or in the assignment of errors, nor is it pretended that they exist Humbert vs. Eckert, 7 Mo. R. 259.

BIRCH, J., delivered the opinion of the court.

By the verdict of a jury, and the judgment of the Scott county court, the plaintiff recovered of defendant (as administrator) the sum of forty dollars, on an account filed against the estate of his decedant for a hundred dollars, that being the balance claimed for an improvement on the public lands, which had been entered away from the plaintiff by the defendant's intestate.

Upon an appeal to the circuit court, the jury in the first trial rendered a verdict for sixty dollars and a half, and upon a new tria being granted, the third jury (there having been a mistrial in consequence of a divided jury) rendered a verdict for the sum of ninety-five dollars. A judgment having been entered accordingly and a motion for a second new trial overruled, the defendant has appealed to this court.

The testimony was rather inexplicit and ambiguous, but as it was not sufficiently so to justify the circuit court or this court in instructing the jury to disregard it, its effect, under the instructions which were given, and all were given that were asked for, was very properly left to the jury.

That the testimony was differently estimated by three different juries can in no respect impair the preponderant confidence implied in confiding to such tribunals the issues of fact in dispute between litigants inasmuch as different judges might have similarly or even more widely disagreed in their respective findings.

In addition to that, as it is not deducible from the record before us, that the jury either misconceived or disregarded the instruction of the court, (which was hypothetical, merely, and unobjected to) the circuit judge would have acted in obvious violation of established construction of the third section of the practice act, referred to by the counsel for the appellee, had he compelled him to litigate his claim anew as prayed for in the motion for yet another trial.

Judgment affirmed.