NANNIE M. WRIGHT ET AL. *v.* ELMER B. ADAMS.

June 13, 1882.

A third new trial may be granted where the misdirections of the trial court have been followed by the jury to the prejudice of the losing party.

APPLICATION for a writ of *mandamus*.
*Alternative writ denied.*
M. L. GRAY and J. M. HOLMES, for the petitioners.

BAKEWELL, J., delivered the opinion of the court.

Bircher leased the Laclede-Bircher Hotel to the Malins, receiving a lien upon the furniture of the hotel for his rent.

Nannie M. Wright held notes secured by a deed of trust which was a second lien upon this furniture. Bircher sold the furniture under his lien for his rent, and the furniture at the sale brought something less than the amount due him for rent. Then Wright sued Bircher for the value of the use of the furniture from the time that he took possession of the hotel for non-payment of rent, up to the date of the sale of the furniture. There was a verdict and judgment for Wright, which was set aside. There was a second verdict and judgment for plaintiff, which was set aside on motion of defendant.

This is an application for a writ of *mandamus* directed to the judge of the St. Louis Circuit Court before whom the last trial was had, commanding him to vacate the order granting a new trial. The application must be denied. The learned judge thought, and we think, that the triers of the fact erred in a matter of law. The learned judge directed the jury, as a matter of law, that the lien reserved in the lease did not give the lessor any right to the use of the property, and that, if Bircher, after the maturity and non-payment of the Wright notes, took possession of the property and used it without Wright's permission, they should find for the plaintiffs. There was evidence in the case that the best way to take care of the property was to use it as it was used, and that to move or store it would have probably injured it more than to let it remain in the hotel. The hotel was Bircher's. He had a right to use it. It cannot be declared as a matter of law that he was bound to remove this furniture out of it. If it remained there it must have some use.

The learned judge, because of misdirections to the jury, followed by the jury, granted a second new trial, as he might properly do ; and we have no right to interfere with him in the performance of his duty. Where the court misdirects the jury in any respect, and the jury, in consequence, commits an error of law, the trial court is not to

put the party prejudiced by the error to the expense and delay of an appeal, but may grant a new trial, no matter how many trials have been had.

The alternative writ is denied.   All the judges concur.