# OCTOBER, 1911.

Cornelius Wright et al. v. James W. Swayne, District Judge.

No. 2320.    Decided October 18, 1911.

**1.—Mandamus—District Court—Control Over.**

The Supreme Court will not undertake to control by mandamus the judicial acts of a District Court. To authorize the writ requiring the judge to proceed to the enforcement of a judgment rendered by him after he had set it aside by granting a new trial—the latter act being alleged to be invalid as violating the statute prohibiting the granting of a third new trial (Rev. Stats., art. 1372)— it must appear that such order is absolutely void, not merely erroneous. (P. 444.)

**2.—Practice—Third New Trial—Error of Law.**

Article 1372, Revised Statutes, does not prohibit the District Court from granting a new trial for errors of law committed by him in the trial of a cause, though the successful party had twice before recovered and the judgments had been set aside on motion for new trial, because not supported by the evidence. (Pp. 444-446.)

**3.—Same—Presumption.**

It is not necessary in order to sustain the validity of an order granting a third new trial that it appear on its face to have been for errors of law; the presumption, if the order itself did not disclose the ground on which it was granted, would be, it seems, that the action was on lawful grounds, not on those forbidden by the statute; and where, in answer to an action for mandamus, the judge, as respondent, shows that the ground of his action was error in law committed by himself on the trial, the writ must be denied. (Pp. 446, 447.)

Original application to the Supreme Court by Wright and others for writ of mandamus against Swayne as district judge.

*Harris, Harris & Young, J. C. Smith* and *Ben M. Terrell,* for relator.—Parties have a right to have the differences between themselves and others passed upon by a jury. Article 1, section 15, Constitution of the State of Texas.

When a jury has passed upon issues in a case, a court can not of its own motion set aside the finding and grant a new trial, but must await an application in writing from the party dissatisfied. Article 1370, Revised Statutes; Floyd v. Brinck, 35 Texas, 6; Clark v. Pearce, 80 Texas, 151.

Not more than two new trials can be granted to the same party in the same cause. Article 1372, Revised Statutes.

Where a party seeks a third new trial he must affirmatively show, and the record must reveal that fact, that he comes within the exceptions; otherwise he is excluded by statutory injunction from further new trial. Boyce v. Smith, 16 Mo., 320; Knoxville Iron Co. v. Dobson, 15 Lea. (Tenn.), 409; Waterson v. Moore, 23 W. Va., 404; Ray v. M. C., 26 Miss., 404; Bowers v. Ross, 55 Miss., 213; Carmichael

v. Geary, 27 Ind., 362; Collins v. Ballow, 72 Texas, 333; Stanberry v. Moore, 56 Ill., 472; Missouri, K. & T. Ry. Co. v. Johnson, 119 S. W., 256.

Where a trial court has exceeded its authority in granting a greater number of new trials to the same party than is authorized or allowed by statute, the only adequate remedy which the party in the trial court aggrieved by such action of the court has is to apply for a writ of mandamus to the Supreme Court to compel the trial court to carry into judgment and execution the findings of the jury on the third trial of the case. Schultz v. McLeary, 73 Texas, 92; Floyd v. Brinck, 35 Texas, 6; Boyce v. Smith, 16 Mo., 320; State v. Adams, 12 Mo. App., 436; Terrell v. Greene, 88 Texas, 539; Schintz v. Morris, 13 Texas Civ. App., 580.

As to the suggestion that the order shows the second new trial was granted because the jury had erred in matters of law, we submit: The presumption that such was the holding of the court in passing upon the motion for new trial, or else it would not have been so stated in the order, can not be so strong as the presumption that the court would support the statute prescribing that the court can not consider any ground for new trial except that set up and distinctly specified in writing. Article 1371, Revised Statutes.

*Latimore, Cummings, Doyle & Bouldin,* for respondent, cited: Trott v. West, 10 Yerg., 499; Knoxville Iron Co. v. Dobson, 15 Lea, 409; Tate v. Gray, 4 Snead, 594; Bilbee v. Lucas, 53 Ill., 479; Illinois Cent. R. Co. v. Patterson, 93 Ill., 290; Carmichael v. Geary, 27 Ind., 362; Boyce v. Smith, 16 Mo., 317; 29 Cyc., 731; 14 Enc. Pl. & Pr., 994; Hill v. Deaver, 7 Mo., 57; Pratt v. Judge, 12 Mo., 194; Boyce v. Smith, 16 Mo., 317; State v. Adams, 76 Mo., 605; State v. Edwards, 36 Mo. App., 425; State v. Horner, 86 Mo., 71; State v. Edwards, 35 Mo. App., 680; Harrison v. Cachelin, 23 Mo., 117; Kreis v. Missouri Pac. R. Co., 131 Mo., 533; Randall v. Collins, 58 Texas, 231; Gibson v. Hill, 23 Texas, 77; Austin v. Talk, 26 Texas, 127.

Mr. Justice Ramsey delivered the opinion of the court.

On July 25, 1911, a petition for mandamus was presented to this court in the above cause during vacation. The petition was directed to be filed, and the clerk was ordered to issue citation to respondent, requiring him to answer on the first day of the present term of the court and show cause, if any he had, why the writ of mandamus should not issue as prayed for.

The respondent made answer at some length, as will hereinafter appear, and the question was argued at the bar of this court by both relator and respondent, and able and exhaustive briefs were filed by counsel representing both parties.

We have concluded that under the case as made the petitioners are not entitled to the writ asked. In view of the importance of the question, however, as well as out of respect to learned counsel, we have thought it proper to write our views at some length, and, in order to make the opinion of value as a precedent, as well as to make it easily

understood, it is necessary to give some detailed statement of the case, the questions involved and how they arose.

The controversy arose in cause No. 28,337 in the Seventeenth District Court of Tarrant County, entitled L. A. Wright et al. v. Cornelius Wright et al. The suit, as the issue finally developed, mainly involved 320 acres of land near Fort Worth, known as the Thomas McCann survey, the plaintiffs in the suit in the District Court claiming that the said land was the community of James I. Wright and his third wife, Julia (McKassen) Wright, while the defendants in the said suit contended that said land was the separate property of their father, James I. Wright. There were three trials of the case in the District Court, all resulting in a finding substantially in favor of the defendants therein and that the property was the separate property of James I. Wright. The first of said trials was had in October, 1909, and a new trial was granted on the motion of plaintiffs, assigning many errors of law committed by the court during the trial, on the ground that the findings of the jury were contrary to and unsupported by the evidence, and also because of newly discovered testimony. The case was again tried in June, 1910, with the assistance of a jury, with the same result. Again the plaintiffs filed their motion for a new trial in which they urged that the court had, in the course of the trial, committed many errors of law to their prejudice and also made the contention that the verdict of the jury in respect to many of the issues submitted to them was against the weight, or unsupported by the evidence. This motion was granted. On the third trial had in the spring of this year the same result, in effect, was reached. For the third time plaintiffs filed their motion for a new trial. This motion is both lengthy and elaborate and presented, as grounds for a new trial, not less than thirty specifications of error claimed to have been committed by the court, and, as a basis for the new trial requested, also attacked the verdict of the jury. This motion, as the other two had been, was stoutly resisted by the defendants. Among other things they urged, as they now claim, that the trial court, having already granted two new trials, was without authority to grant a third motion, and upon this the petitioners base their contention that the act of the court in undertaking to grant said third motion for a new trial was not only wholly unauthorized, but that such action was without authority of law and that same was and is void. They further aver that since a judgment was by the court on the findings of the jury on the third trial entered of record in the minutes of said court that the court should have granted their application thereafter made to name commissioners to partition the property in accordance with the rights of the parties as therein adjudged and proceed to execute said judgment and this proceeding is, in substance, a petition to this court to direct, by mandamus, the District Court so to proceed. The order of the court on the first amended motion for a new trial is general and merely directs and orders that same be granted. The order of July 2, 1910, granting the second motion for new trial, recites, among other things, that "the court being of the opinion that the jury erred in the matter of the law and that their verdict in reference to the Thos. McCann

survey is unsupported by any evidence and contrary to the law. It is ordered that the motion be granted." The order granting the third motion is quite general and merely recites that the court "after hearing said motion and being fully satisfied," etc., the motion is granted. The petitioners further aver that if said last action of the trial court be sustained that it would operate as a total denial of the rights vouchsafed to them under the Constitution and laws of this State; that they have no remedy by appeal against such unauthorized action, and that such action of the court in continually granting new trials is a gross injustice and hardship upon them, which it was the purpose of the law to prevent, and that said last order purporting to grant a new trial is a nullity, and that under the law there remained nothing for the trial court to do except to execute and carry out the judgment rendered and entered by it on such third trial; that commissioners to partition the property not having been appointed and named at the time of the entry of the original judgment and the said court having then and later refused to do so on proper application, it is within the power, and on the case made, it is the duty, of this court by peremptory mandamus to direct that same should be done.

James W. Swayne, judge of the Seventeenth District Court, who is complained against, filed his answer in due time and resisted the granting of the mandamus sought. In his answer he interposed a formal general demurrer and two special exceptions, in substance, as follows:

(1) That the petition shows on its face that the trial court had granted the new trials because of error committed by said court in the introduction and admission of testimony of J. W. Wright concerning transactions of his deceased father, James I. Wright.

(2) That the motion to appoint commissioners to partition said property was filed at a subsequent term of the court to that at which the motion for new trial was granted and that the granting of the motion to appoint commissioners necessarily required the setting aside the order granting a new trial, which, having been entered at a former term, became final and beyond the control of the court.

In addition to a general denial the said Swayne further answered, in effect, that he had granted the third new trial because on a full discussion and a more careful consideration he had become convinced that he had committed error in admitting certain testimony complained of in the motion for a new trial as to transactions with James I. Wright, the original owner of the property in suit, and that such error was in respect to a material issue in the case and one which materially influenced the jury against the plaintiffs, and that his action in granting such third new trial was not in contravention of article 1372, Revised Statutes, which provides that "not more than two new trials shall be granted to either party in the same cause, except when the jury have been guilty of some misconduct or have erred in matter of law."

Both the petition for mandamus and the answer of respondent are very lengthy and elaborate and contain and refer to many exhibits, orders, entries, judgments and other matters deemed essential to fully present the case, but it is believed that the above statement is a

TEXAS SUPREME COURT REPORTS, VOL. 104.    [*October,*]

sufficiently full summary of the more important facts essential to in-
dicate clearly the question to be decided.

It is a rule of universal application that this court would have no
authority to issue the writ of mandamus to an inferior court except
in respect to the performance of a purely ministerial act.    We are
without power in a direct proceeding such as this to direct such
court as to how it should proceed, or to control such court in respect
to a matter involving the exercise of its judgment and discretion.
We would be and are wholly without authority and power to grant
the mandamus in this case unless we should determine and hold
that the action of the District Court in undertaking to grant said
motion for a new trial is absolutely void in law and that the same is
wholly of no effect.    If we should so determine it is not doubted or
denied that petitioners would be entitled to the due execution of the
judgment in their favor, and, if the court should wilfully refuse to
execute its own judgments according to their true intent and effect,
we would have the authority and it would be our duty to direct it
to proceed to execute the judgment and sentence of the law.    Unless,
however, the action of the court in undertaking to grant and in
granting such third motion for new trial is wholly and absolutely void,
then we are powerless to act and this without reference to whether
the ruling of the court in granting such motion was or was not justi-
fied under the law.

This brings us to the question as to whether the action of the
court in granting a third motion for new trial was wholly void.    This
involves, to some extent, a construction of article 1372 of our Revised
Statutes, above quoted.    It will be seen that in the order granting
the second motion for a new trial it is in terms recited, "because the
jury erred in a matter of law and that their verdict in reference to
the Thos. McCann survey is unsupported by the evidence and con-
trary to law."    The judgments granting the motions on the first and
third trials are general and on their face assign no particular reason
for granting the motion.    In view of the language in the order of the
court granting the second motion for a new trial it is not clear, under
any fair construction of the statute, that the action of the court on
the judgment last rendered is wholly invalid.    But however this may
be, it seems clear, under the settled holding of this court and under
the general rule obtaining in practically every jurisdiction in this
Union, except West Virginia, that the action of the court, whatever
may be or has been its wisdom, was not in a legal sense void.    The
purport and effect of the statute above referred to was to deny to the
trial court the right, where it had committed no error of law, to
grant more than two new trials to any person.    This statute was
based on the idea and proceeds on the principle that where, under
proper directions and on a trial intrinsically fair, the jury has twice
found the issues of fact in favor of a party to a suit that it should
not be within the power of the trial court to set aside their verdict.
It is clear that this statute was intended to better assure litigants
the right of trial by jury.    If it were permitted to the courts to set
aside verdicts of juries, without limitations or restrictions, they might,
in effect, by their action in continually and continuously granting

motions for new trials absolutely render nugatory the right of trial by jury granted by the Constitution, and it has become the unbroken rule of construction everywhere that statutes such as ours were passed with this intent and purpose and that the limitations in respect to granting motions for a new trial had no reference to cases where the court itself had committed a material error in the trial of such cause.

The general rule is well stated in 29 Cyc., page 731: "Statutes providing that not more than two new trials shall be granted to the same party are usually construed as limiting the number of new trials that may be allowed on the ground that the verdict is not sufficiently supported by the evidence, or is contrary to the evidence, and not as limiting the number that may be ordered for errors in the charge of the court, for error in the admission or rejection of testimony, for misconduct of the jury, and the like. Similar statutes in other States are construed either to limit the number of new trials grantable for any of the causes named in the statutes, or grantable for any causes whatever. Statutes providing that not more than one new trial shall be granted to a party except where the triers of fact have erred in matters of law, or the jury has been guilty of misconduct, limit the number of new trials that may be ordered on the weight of the evidence; but not the number that may be granted for the excepted causes or for errors of law in the rulings and instructions of the court. McShane v. Sanderson, 108 Mo., 316, 18 S. W., 912; State v. Horner, 86 Mo., 71; Harrison v. Cachelin, 23 Mo., 117; Boyce v. Smith, 16 Mo., 317; Ramsey v. Hamilton, 14 Mo., 358; Hill v. Deaver, 7 Mo., 57; O'Neil v. Young, etc., Seed, etc., Co., 58 Mo. App., 628; Nicol v. Hyre, 58 Mo. App., 134; Lovell v. Davis, 52 Mo. App., 342; State v. Edwards, 36 Mo. App., 425; Wright v. Adams, 12 Mo. App., 376; Collins v. Ballow, 72 Texas, 330; Rains v. Hood, 23 Texas, 555; Missouri, etc., R. R. Co. v. Johnson (Texas Civ. App., 1898), 49 S. W., 265. New trials ordered by Appellate Courts for causes within the statutes are to be counted in determining whether trial courts may grant further new trials, but not new trials ordered by Appellate Courts on other grounds."

This rule has received the sanction of this court in the case of Collins v. Ballow, 72 Texas, 330, where it is said:

"We deem it unnecessary to consider other questions presented by appellant, as none of them are of importance in view of the conclusion we have reached. Article 1370 of the Revised Statutes provides that 'not more than two new trials shall be granted to either party in the same cause, except when the jury has been guilty of some misconduct or have erred in matter of law.' Appellees have brought up a separate transcript, from which it appears that three verdicts have been returned and judgments entered in their favor, two of which have been set aside and new trials granted by the court below on motions of appellant. It also appears that appellant did not allege in either of his motions upon which new trials were granted that the jury had been guilty of misconduct or had erred in matter of law. Appellees insist that under this state of the case the statute above quoted applies, and that the verdict and judgment are conclusive of appellant's rights. We do not so construe the statute. We understand

it to mean that where the court has committed no errors, either in rulings upon the trial or in giving the law of the case to the jury, and the jury have followed the law so given and have not been guilty of any misconduct, no more than two new trials can be granted to either party. But so long as the trial court commits errors in its rulings upon the trial or in giving the law to the jury, or the jury disregards the law when correctly given, and the trial court on proper motion refuses to grant a new trial, the injured party has the right to appeal to this court for redress, and if it appears that errors have been committed by the court or the jury prejudicial to the rights of the appellant a new trial will be granted, notwithstanding two new trials have been granted to the complaining party in the court below."

This rule is laid down in Trott v. West, 10 Yerg., 499, 500, wherein the Supreme Court of Tennessee say: "This statute means that where the facts of the case have been fairly left to the jury upon a proper charge of the court, and they have twice found a verdict for the same party each of which having been set aside by the court, if the same party obtained another verdict in like manner, it shall not be disturbed. But this act did not intend to prevent the court granting new trials for error in the charge of the court to the jury for error in the admission of or rejection of testimony or misconduct of the jury and the like; citing Turner v. Ross, 1 Hump., 16; East Tenn. & R. Co. v. Hackney, 1 Head, 170."

So in Knoxville Iron Co. v. Dobson, 15 Lea, 409-416, this language is used: "This court has uniformly held that the statute was intended to limit the power of the court over the findings of fact by the jury upon regular proceedings and a correct charge. If the court in the same case has set aside upon the motion of the same party the verdict of two juries, upon the ground that the evidence is not sufficient to sustain them, the power of the court is at an end to grant another new trial to the same party upon the facts or merits. The statute does not prevent the granting of new trials for errors committed by the court or for misconduct which may vitiate the verdict." And this is in effect held in Randall v. Collins, 58 Texas, 231; Gibson v. Hill, 23 Texas, 77; Austin v. Talk, 26 Texas, 127; Wilson v. Gordon, 20 Texas, 572.

We think there is no merit in the proposition that since the judgment entered granting the third motion for a new trial does not, in express terms, indicate that it was granted on a ground authorized by statute that we should therefore assume and hold that it was without authority of law; on the contrary, we think that we should hold that the action of the court should be referred to and based upon some of the many grounds set out in the motion upon which as matter of law it was justified in granting the motion. It ought not lightly to be assumed, in respect to any district judge of this State, that he would grant a motion for a new trial for a reason or under circumstances prohibited by law, but rather in respect to such an officer we should assume that he had followed the law, and it should be held, where the record is silent, that in a case where a motion contained many grounds on which a new trial was permitted to be granted and on which it ought to be granted, that he had based

his decision upon some ground of the motion which he could lawfully do and that his action should be referred to such ground.

Besides in this case it distinctly appears from the answer of Judge Swayne that he did grant the third motion for new trial because of errors of law committed by himself. If he had committed errors of a substantial character, materially injuring and to the prejudice of the plaintiff he ought to have granted their motion. The facts set up by Judge Swayne in this particular are substantially undenied and must be accepted as true. A very careful investigation, consultation and discussion of the case has failed to convince us that petitioners are entitled to the relief sought and the mandamus prayed for is therefore denied. All present and concurring.

*Mandamus refused.*