## MISSOURI-KANSAS-TEXAS RAILROAD COMPANY OF TEXAS V. FEW BREWSTER, DISTRICT JUDGE, ET AL.

No. 6685.   Decided November 28, 1934.

(78 S. W., 2d Series, 575.)

*C. C. Huff,* of Dallas, *Naman, Howell & Brooks,* of Waco, for relator.

On proposition that trial judge should have entered the judgment as prayed for, relators cite: Gulf C. & S. F. Ry. Co. v. Cantey, 285 S. W., 296; Allen v. Strode, 62 S. W. (2d) 289; R. S., 1925, Art. 1824, as amended by Act of 1929.

*Winbourn Pearce,* of Temple, for respondents.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This is an original mandamus proceeding instituted in this Court by Missouri-Kansas-Texas Railroad Company of Texas as relator, against Hon. Few Brewster, Judge of the District Court of Bell County, Texas, as respondent, to compel the entry of a judgment in favor of relator in Cause No. 20,660, John

Thomas v. Missouri-Kansas-Texas Railroad Company of Texas, now pending in such court. John Thomas is also made a party.

It appears from the undisputed record that Thomas filed suit in the District Court of Bell County, Texas, against the railroad company for damages for personal injuries alleged to have been received by him as the result of the negligence of the railroad company, its agents and employees.

The railroad company answered by general demurrer, general denial, and plea of contributory negligence.

The case was tried in the district court where it was submitted to a jury on special issues. The jury answered certain of the issues, and the verdict was received by the court. For the purpose of this opinion we will assume that the answers as returned constituted a finding for the railroad company, and that such answers were not conflicting.

After the verdict was returned into court, and in due time, the railroad company filed and presented in the district court its motion for judgment in its favor on the verdict. Also in due time Thomas presented his motion for a new trial from the verdict. Thomas' motion prayed for a new trial on three general grounds; (1), Because certain answers were conflicting; (2), because the answer to the first issue was contrary to the preponderance of the evidence, and (3), because the answer to the sixth issue was not only contrary to the weight of the evidence, but was contrary to the undisputed evidence.

The district court heard and considered both of the above motions, and overruled that of the railroad company, but granted that of Thomas. In his order the trial court expressly, in effect stated, that he overruled the railroad company's motion "only" because he found the verdict to be conflicting. The order then granted Thomas' motion for a new trial on the same stated ground.

From the record we have stated it appears that the district court granted Thomas' motion for a new trial from the verdict itself, without first entering the judgment called for thereby.

It seems to be the general rule that where a case is submitted so as to call for a general verdict, and the jury returns such a verdict for one side or the other, the court must enter the judgment called for thereby before he can consider a motion for a new trial. By express statutory authority a different procedure may be followed where the jury returns a verdict on special issues. In such trials the court may grant a new trial from the verdict itself without first entering the judgment in-

dicated thereby. Art. 2209, R. C. S., 1925; Anchor v. Martin, 116 Texas, 409, 292 S. W., 877.

■ It has long been the rule of law of this State that this court will not review by mandamus the action of a trial court in granting a new trial unless his action in attempting to do so is absolutely void. Wright v. Swayne, 104 Texas, 440. This rule applies even though the court may expressly state erroneous reasons for granting the motion, if the motion itself is sufficient to invoke his jurisdiction. Hunsinger v. Boyd, 119 Texas, 102, 26 S. W. (2d) 905.

We quote the following from Judge Ramsey's opinion in Wright v. Swayne, supra.

"* * * We would be and are wholly without authority and power to grant the mandamus in this case unless we should determine and hold that the action of the District Court in undertaking to grant said motion for a new trial is absolutely void in law and that same is wholly of no effect."

We also quote the following from Judge Cureton's opinion in Hunsinger v. Boyd, supra.

"We have concluded, therefore, that the trial court had jurisdiction of the motion for new trial filed by the respondents, T. E. Barlett and Lillian G. Bartlett, and that the motion was in all things sufficient to invoke the jurisdiction of the court. As to whether or not the trial court erroneously granted the motion for rehearing, is a question over which we do not exercise jurisdiction by writ of mandamus. Whether or not the motion stated a 'Good cause' was a matter for the discretion and judgment of the trial court, and that discretion and judgment we cannot control nor direct by mandamus."

An examination of the motion filed by Thomas convinces us beyond any doubt that it was a motion for a new trial from the verdict. It prayed for such new trial in specific terms on account of alleged conflicts in the verdict and on other grounds. The motion certainly invoked the jurisdiction of the court, and by virtue of Art. 2209 he had the power to pass on the same. He did pass on and grant it though for an erroneous reason expressly stated in the order. It follows that the district court has granted a motion for a new trial in this case. In so granting such motion he acted within his jurisdiction. This court cannot control by mandamus the action of a trial court in granting a motion for a new trial if he acts within his jurisdiction, even though he actually states erroneous reasons for his action. Hunsinger v. Boyd, supra.

What we have said in no way conflicts with Judge Bishop's

decisions in Cortimeglia v. Davis, 116 Texas, 412, 292 S. W., 875. In that case the jury rendered a verdict on special issues. Each party presented a motion for judgment contending that the verdict was in his favor. Neither party contended for a conflicting verdict, and the jurisdiction of the district court was not invoked to pass on a motion for a new trial.

The petition for mandamus prayed for herein by the railroad company is refused.

Opinion adopted by the Supreme Court November 28, 1934.