### AMERICAN NAT. INS. CO. et al. v. SUTTON, Judge, et al.

#### No. 3895.

Court of Civil Appeals of Texas. El Paso.

May 25, 1939.

Frank S. Anderson, of Galveston, Johnson & Crumpton, of Fort Stockton, and Jones, Turney, Hardie, Grambling & Howell, of El Paso, for complainants.

Joseph E. Kelly and R. D. Blaydes, both of Fort Stockton, and John J. Watts, of Crane, for respondents.

NEALON, Chief Justice.

The American National Insurance Company, a corporation, and C. W. E. Hirst, R. W. E. Hirst and Icel Hirst filed in this Court their petition against Honorable C. R. Sutton, Judge of the District Court of the Eighty-third Judicial District of Texas, and against E. H. Warnock, S. C. Johnson and Mrs. Lurline Johnson, in which they prayed that this Court issue its writ of mandamus commanding Judge Sutton to enter judgment in favor of complainants in cause No. 2581, in the District Court of the Eighty-third Judicial District in and for Pecos County, Texas, alleging that upon trial upon special issues a jury impaneled in said cause in the District Court returned answers in favor of complainants which make it the ministerial duty of said District Judge to enter judgment in favor of complainants.

The action in which said verdict was returned was filed by E. H. Warnock, and Mrs. Lurline Johnson, joined by her husband, S. C. Johnson, who complained of the American National Insurance Company, C. W. E. Hirst, R. W. E. Hirst and Icel Hirst, alleging that as to certain real estate in Pecos County which the American National Insurance Company caused to be sold by virtue of the provisions of a deed of trust to secure a loan, the Insurance Company bought the property at the trustee's sale under an arrangement which the plaintiffs below alleged would constitute the Insurance Company a trustee for said plaintiffs. They alleged that the Hirsts bought the property from the Insurance Company and it was conveyed to them by deed dated August 5, 1935, and that the purchase was made with knowledge of the alleged trust in favor of the original plaintiffs. Plaintiffs below prayed for judgment cancelling and setting aside the deed from the Insurance Company to the Hirsts and vesting title in said plaintiffs, and further prayed for judgment for certain alleged rentals. In the alternative, said plaintiffs prayed for damages.

The Insurance Company answered by general demurrer, special exceptions, general denial, and plea of limitations.

The defendants C. W. E., R. W. E. and Icel Hirst adopted the demurrers, exceptions, special pleas and other defensive allegations of the Insurance Company, and pleaded specially that they did not participate in or have knowledge of any conspiracy or fraud upon the part of the Insur-

ance Company; that they purchased the lands from the Insurance Company, paying a good and valuable consideration therefor, to-wit, $30,000, and that said payment was made in good faith. They also pleaded that they had in good faith made expenditures for permanent and valuable improvements.

The cause was submitted to a jury, which answered that: W. O. Watson orally agreed on or about February 17, 1934, to convey the property to plaintiff Warnock on ten years' time at a reduced rate of interest, upon the condition that a damage suit brought by S. C. Johnson and wife against the American National Insurance Company should be dismissed; that S. C. Johnson, as the agent and representative of E. H. Warnock, agreed that he would not become a bidder at the trustee's sale; that Watson had apparent authority from the Insurance Company to enter into the contract; that George Prendergast orally agreed to convey the property to E. H. Warnock on ten years' time at reduced interest, and upon condition that said damage suit of S. C. Johnson and wife against the Insurance Company should be dismissed; that Johnson, as agent of Warnock, agreed that the latter would not become a bidder at the Insurance Company's sale; that neither C. W. E. nor R. W. E. Hirst knew prior to August 5, 1935, of said alleged agreements. Other findings were made with respect to the value of improvements and the amounts of taxes and insurance paid by the Hirsts.

On March 25, 1939, the District Court extended the term until June 25, 1939, in order to complete the trial of the cause.

After verdict the Hirsts filed motion for judgment in their favor. Plaintiffs below likewise filed motion for judgment non obstante veredicto. The District Judge entered an order denying both motions, and upon his own motion entered an order declaring a mistrial and setting the verdict of the jury aside.

Judge Sutton filed an answer herein setting forth his reasons for not entering judgment as being: that he was of the opinion that a fair and just judgment could not be written, the jury having found that the representatives of the Insurance Company had made the agreement alleged and such finding being upon abundant evidence; that while plaintiffs below pleaded and sought to recover reasonable rental value, they furnished no proof sufficient to support the jury finding upon that issue, and that there was likewise a failure of proof upon the part of Hirst Brothers with respect to improvements made in good faith; and that as to the defense of innocent purchaser interposed by Hirst Brothers, it appeared upon hearing of the motions for judgment that the deed under which the Hirsts held was a naked quitclaim deed and would not support the defense of innocent purchaser.

Respondents Warnock, S. C. Johnson and Lurline Johnson, in their response to the prayer for mandamus pray for writ of mandamus requiring Judge Sutton to enter judgment in their favor vesting in them title to and possession of the real estate involved and for the value of the use thereof as found by the jury, or, in the alternative, for judgment for the real estate and possession thereof and "for damages for the use thereof."

## Opinion.

Each of the litigants in the lower court invokes the jurisdiction of this Court to issue the writ of mandamus directing the District Judge to enter judgment. As is to be expected, each desires judgment in his or its own favor. In proceedings of this character the Courts of Civil Appeals have jurisdiction to compel the judge of the district court "to proceed to trial and judgment in a cause," and in proper case may direct the character of judgment to be entered. Article 1824, R. C.S.1925, as amended in 1929, Vernon's Ann.Civ.St. art. 1824; Southland-Greyhound Lines, Inc. v. Richardson, 126 Tex. 118, 86 S.W.2d 731; Lloyd v. Brinck, 35 Tex. 1; Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Stewart v. Bush, Tex.Civ.App., 53 S.W.2d 842; Dixie Service Co. v. Leaverton, Tex.Civ.App., 76 S.W.2d 530. It is the refusal of the trial court to act which gives the appellate court the authority to proceed. Schintz v. Morris, 13 Tex.Civ.App. 580, 35 S.W. 516 and 825. The writ issues to compel a trial judge to act when he declines his jurisdiction. Roberts v. Munroe, Tex.Civ.App., 193 S.W. 734. It can only issue when a judge improperly refuses to act on a matter within his jurisdiction. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063. Since it is an extraordinary legal remedy which may not be granted if there is an ordinary adequate legal remedy, it may not be used for the purpose of dictating to the district court how it shall proceed or directing the

exercise ·of its discretion. Wright v. Swayne, 104 Tex. 440, 140 S.W. 221, Ann. Cas.1914B, 288. It should not issue to control in a purely anticipatory sense any action of the district judge involving discretion. Matthaei v. Clark, 110 Tex. 114, 216 S.W. 856.

■ Bearing in mind the foregoing principles, we proceed to examine the case as presented. The findings of the jury were responsive to the interrogatories submitted and there were no conflicts. They were applicable to the issues made by the pleadings. There is, therefore, nothing in the face of the record proper to justify a refusal to enter judgment in favor of complainants. The suit against the Insurance Company is for specific performance. Plaintiffs below alleged affirmatively that C. W. E. Hirst and R. W. E. Hirst purchased the property from the Insurance Company for $30,000, which, said plaintiffs alleged, was $7000 more than the price at which it had agreed to sell to Warnock, one of plaintiffs, and that thereby the Insurance Company made a profit of $7000 over and above the amount it would have realized had it fulfilled the alleged contract with Warnock. Plaintiffs alleged that the Hirsts were not innocent purchasers, but were parties to an alleged conspiracy to defraud plaintiffs.

As stated, the jury found that the Hirsts did not know prior to purchasing the property that plaintiffs were claiming that the Insurance Company had agreed to convey the property to plaintiffs or that the Insurance Company had made any agreement to make such conveyance. Now, since there could be no judgment for the property as against the Hirsts, if they were innocent purchasers, and there could be no decree of specific performance against the American National Insurance Company if it parted with title prior to the bringing of this suit by selling to an innocent purchaser, the findings of the jury call for a judgment in favor of complainants, unless the trial judge should find that respondents were entitled to judgment notwithstanding the verdict.

■ It is not our function to pass upon the adequacy of the motion for judgment non obstante veredicto nor upon the sufficiency of the evidence to warrant the findings of the jury. Nothing that we say is to be construed as trespassing upon those fields of decision. We seek to be most careful in this respect for the reason that the Supreme Court has no jurisdiction to review the judgment of a Court of Civil Appeals in a mandamus proceeding rendered in the exercise of its original jurisdiction, and we have no authority to do other than either dismiss the application, refuse it, or, in the event it appears that it is the plain ministerial duty of the judge to enter the judgment, order such action. Matters such as the sufficiency of the pleadings and of the evidence must reach us through appellate proceedings of some character if they reach us at all. It will be noted that the District Judge does not refuse to enter judgment upon account of any conflict in the findings of the jury. He bases his refusal upon his view that a fair and just judgment cannot be written, and gives as his reasons for this opinion: (1) that the evidence was insufficient to support a finding in favor of plaintiffs for the reasonable rental value of the premises; (2) that Hirst Brothers did not prove a right to recover the value of permanent improvements, although as to this the jury found in their favor; (3) that the deed under which Hirst Brothers claimed was a quitclaim deed and would not support their defense. He recites in his response that all the issues suggested above were pleaded and submitted "without objection and exception, except generally."

■ The duty of the judge in the premises is clearly stated in Article 2211, R. C.S. Vernon's Ann.Civ.St. art. 2211. He should enter a judgment in conformity to the pleadings, the nature of the case stated and the verdict, unless upon motion and reasonable notice his duty requires him to render a judgment non obstante veredicto because a directed verdict would have been proper; though he may also, upon like motion and notice, disregard any special jury finding that has no support in the evidence. In the instant case the District Judge, upon his own motion, disregarded the special issue finding to the effect that the Hirst Brothers were innocent purchasers, upon the ground that it has no support in the evidence. In so disregarding said special finding the Court exceeded its authority. The Commission of Appeals in Hines et al. v. Parks et al., 128 Tex. 289, 96 S.W.2d 970, held expressly that the trial court can disregard a special issue finding which lacks support in the evidence only in the manner and under circumstances prescribed by statute. There must be a motion filed requesting disregard

of the particular finding and stating the reason for the request; there must be proper notice, and the motion must be sufficient to invoke the jurisdiction of the court for the exercise of the power. It, therefore, follows that in the instant case the trial judge was without authority to disregard the finding that the Hirsts were innocent purchasers; and it became his duty to enter judgment in favor of complainants, unless, upon proper motion and after due notice, he determined that there was no evidence to support the finding. It was certainly the duty of the Judge to enter judgment in favor of one side or the other.

It is, therefore, the order of this Court that the writ of mandamus issue commanding Judge C. R. Sutton, District Judge, to proceed to judgment in cause No. 2581 in the District Court of Pecos County, Texas, and that he enter judgment in favor of complainants, unless, upon proper motion urged after proper notice, he determine that plaintiffs below are entitled to judgment non obstante veredicto, in which event he shall enter judgment in favor of said plaintiffs. This order is without prejudice to the right of the parties litigant to engage in such proceedings and take such steps as would be permitted them had this proceeding not been brought.