## UNION CITY TRANSFER v. KENNA, District Judge, et al.

### No. 4528.

Court of Civil Appeals of Texas. Beaumont.
April 1, 1948.

Rehearing Denied April 22, 1948.

432

King, Sharfstein & Rienstra, and John H. Benckenstein, all of Beaumont, for relator.

R. E. Biggs and E. E. Davis, both of Liberty, for respondents.

MURRAY, Justice.

This is an original proceeding in this court in which the Union City Transfer, relator, seeks a writ of mandamus against Hon. W. Tom Kenna, Judge of the District Court of Jefferson County for the 60th Judicial District, and Ethel Crockett, respondents.

The respondent, Ethel Crockett, through her attorneys, brought suit in the District Court of Jefferson County against the relator, Union City Transfer, for personal injuries alleged to have been suffered by her in a collision between a truck in which she was riding. and a truck of Union City Transfer on U. S. Highway No. 90. The relator, through its attorneys, filed its answer on November 24, 1947, and the cause proceeded to trial before Hon. W. T. McNeill, who was a Special Judge presiding in the 60th District Court. The court submitted 77 special issues to the jury. The trial judge allowed one and one-half hours to the attorneys for each side for argument to the jury. One of the counsel for Ethel Crockett made the opening argument to the jury, which argument consumed less than one-half hour. At the conclusion of his argument one of counsel for relator announced to the court that they submitted the case without argument "inasmuch as counsel has not touched on any of the issues that are to be submitted to the jury." Another of Ethel Crockett's attorneys requested permission of the court to make additional argument for her which request was denied by the court and no further argument was permitted.

Thereafter the jury returned its verdict, in which they found for the relator, defendant in the trial court, on the issues of negligence and proximate cause. Thereafter on December 5, 1947, Special Judge McNeill entered judgment upon said verdict that the respondent Ethel Crockett recover nothing of the relator. On December 15, 1947, respondent Ethel Crockett filed a motion for a new trial, alleging among other things that she was entitled to have ample and sufficient time in which to argue her case to the jury, which right was denied her. At the time the motion was filed respondent Ethel Crockett by her attorneys delivered to Special Judge McNeill a brief in support of the motion and at the same time requested him to set a date for hearing on said motion. Special Judge McNeill, in compliance with such request of her attorneys, suggested December 26, 1947, and on that date R. E. Biggs and E. E. Davis, attorneys for Ethel Crockett, and John Reinstra and John H. Benckenstein, attorneys for relator, appeared before Special Judge McNeill. Judge McNeill stated to the attorneys present that the regular District Judge of the court, the respondent, Hon. W. Tom Kenna, expected to return to the bench on January 1, 1948, and that Judge McNeill preferred not to pass on the motion and that he was passing the matter over to January 9, 1948, for Judge Kenna to hear the motion. The Deputy District Clerk in attendance on the court made a notation on his docket setting book to that effect. On January 9, 1948, Judge Kenna was busy with other matters and the Deputy Clerk, upon instructions from Judge Kenna, re-set the motion for hearing for January 16, 1948. On that date the motion was argued before Judge Kenna who took it under advisement until January 23, 1948, on which date the respondent Hon. W. Tom Kenna entered his order granting respondent Ethel Crockett's motion for a new trial, setting aside the judgment entered upon the jury's verdict. In such order it was recited that such motion was granted on the ground that respondent Ethel Crockett was denied the right to have ample and sufficient time to review the facts and issues to the jury and that all other grounds in her motion for a new trial were overruled.

The relator seeks to have issued a writ of mandamus directing the Hon. W. Tom Kenna, District Judge, to set aside the order

dated January 23, 1948, granting the respondent Ethel Crockett a new trial in said cause.

The relator contends that the respondent Hon. W. Tom Kenna had no judicial or discretionary power on January 23, 1948, to set aside the original judgment and grant a new trial, since his power was limited to the mere ministerial act overruling the motion for a new trial. It says first that the basis on which the motion for a new trial was granted was erroneous, and points out that when counsel for the plaintiff in a trial court does not present his whole argument in his opening address to a jury, when defendant's counsel waives argument it would be error for the trial judge to permit further argument in behalf of such plaintiff. It further contends that the motion for a new trial here was overruled by operation of law on January 15, 1948, which was the 30th day after it was filed. It says that since the motion was not presented within 30 days after filing it was overruled by operation of law and that thereafter the trial court had lost all jurisdiction of the case.

■ It has long been the rule of law of this State that the appellate courts will not review by mandamus the action of the trial court in granting a new trial unless his action in attempting to do so is absolutely void. Missouri, Kansas & Texas Railroad Co. of Texas v. Brewster, District Judge, et al., 124 Tex. 244, 78 S.W.2d 575, 576; Wright v. Swayne, 104 Tex. 440, 140 S.W. 221, Ann.Cas.1914B, 288. This rule applies even though the court may expressly state erroneous reasons for granting the motion, if the motion itself is sufficient to invoke his jurisdiction. Hunsinger v. Boyd, 119 Tex. 182, 26 S.W.2d 905; M. K. & T. R. Co. of Texas v. Brewster, supra. In the instant case therefore if the respondent Judge W. Tom Kenna had jurisdiction over the motion for a new trial of respondent Ethel Crockett on January 23, 1948, then his action in granting the motion for a new trial will not be reviewed by mandamus, regardless of whether the reason stated was erroneous. As was said in the opinion by Judge Ramsey of the Supreme Court in Wright v. Swayne, supra, [104 Tex. 440, 140 S.W. 222]: "We would be and are wholly without authority and power to grant the mandamus in this case, unless we should determine and hold that the action of the district court in undertaking to grant said motion for a new trial is absolutely void in law, and that the same is wholly of no effect."

■■ In the case of Dallas Storage & Warehouse Co. et al., v. Taylor, District Judge, 124 Tex. 315, 77 S.W.2d 1031, 1035, the Commission of Appeals in an opinion adopted by the Supreme Court discussed fully the meaning and application of Article 2092, Revised Civil Statutes of 1925, as amended, Vernon's Ann.Civ.St. art. 2092. This is the statute which pertains to procedure in the District Courts in those counties of the State having the prescribed number of District Courts and Civil District Courts. This statute has been brought forward into rule 330 of our present Texas Rules of Civil Procedure. Jefferson County District Courts are governed by such rule. The opinion in this case, paragraph 8, holds as follows: "When a motion for a new trial, duly filed, original, or amended, has been overruled, whether by order of court or by operation of law, the court still has control over the judgment and power to grant a new trial until the expiration of 30 days from the date on which the motion was overruled. When that period has expired, the judgment is final, and the term of court is, as to the case, at an end." We believe that under the authority of this case the respondent Judge Kenna had jurisdiction over the motion for new trial of the respondent Ethel Crockett on January 23, 1948. While it is not necessary for us so to determine, we are inclined to believe that the motion for a new trial was presented to Special Judge McNeill on December 26, 1947, when all parties were present by their attorneys before the court pursuant to a setting of a hearing on the motion, and Judge McNeill re-set the matter for a hearing January 9, 1948. Regardless of the legal effect of such a gathering, and conceding to the relator for the purpose of argument that such motion was not presented within the 30 days after its filing and that it was overruled by operation of law on January 14, 1948, nevertheless

434

under the case of Dallas Storage & Warehouse Co. et al. v. Taylor, District Judge, et al., supra, the court still had control over the judgment and power to grant a new trial until the expiration of 30 days from January 14, 1948. The motion itself invoked the jurisdiction of the trial judge and presented matters as grounds for a new trial, and the trial judge then presiding in the 60th District Court alone had discretion as to whether a new trial should be granted.

We conclude, therefore, that the action of the respondent Hon. W. Tom Kenna, District Judge, in granting the motion for a new trial of the respondent Ethel Crockett in cause No. 60653 in the District Court of Jefferson County, Texas, is not subject to review by writ of mandamus by this court and the relator's petition for mandamus is therefore denied.