## CHESWICK v. MOORHEAD, District Judge et al.

### No. 12153.

Court of Civil Appeals of Texas. Galveston.

: Nov. 3, 1949.

Rehearing Denied Nov. 17, 1949.

. Peter P. Cheswick, of Houston, for appellant.

Robert L. Sonfield, of Houston, for appellees.

MONTEITH, Chief Justice.

This is an original proceeding filed in this Court by Peter P. Cheswick, seeking a writ of mandamus to compel the Honorable Ben Moorhead, Judge of the District Court of Harris County for the 11th Judicial District, to set aside his order granting a new trial in cause No. F–351749 now pending in that court, and to render a judgment in said suit in his favor.

Relator alleged that C. M. Amos, who is also made a respondent in this action, filed said cause No. F–351749 against relator and one Effie Anthony and that in a trial of the suit in the 11th District Court, certain special issues which had been submitted to a jury were answered in relator's favor. He alleged that Judge Moorhead had stated in open court that he would render judgment in the suit in relator's favor, but that afterwards Judge Moorhead, on his own motion, had set the verdict of the jury aside and had granted a new trial.

■ It is the established law of this state that a writ of mandamus to compel an inferior court to perform a duty made mandatory by law, or to do an act which is ministerial and which involves no judicial discretion will issue when there has been a request or demand therefor and the court has refused to act within the time in which he is required by law to do so. Dozier v. Wray, County Judge et al., Tex.Civ.App., 222 S.W.2d 178; Hursey v. Bond, Chief Justice, 141 Tex. 337, 172 S.W.2d 305; Tex.Jur. Vol. 28, page 568, Section 30; Dallas Railway & Terminal Co. v. Watkins et al., 126 Tex. 116, 86 S.W.2d 1081.

■ It is also the established law in this state that an appellate court will not review by mandamus the action of a trial court in granting a new trial unless the court's action in attempting to do so is absolutely void. Union City Transfer v. Kenna, District Judge, et al., Tex.Civ.App., 210 S.W.2d 431; Missouri K.-T. Ry. Co. v. Brewster, District Judge, et al., 124 Tex. 244, 78 S.W.2d 578; Wright v. Swayne, 104 Tex. 440, 140 S.W. 221, Ann.Cas.1914B, 288.

■ Our courts have uniformly held that a trial court has the right on its own motion to grant a new trial during the term at which a cause has been tried, and Rule 300, Texas Rules of Civil Procedure, which has as its source Article 2209 of the Revised Statutes which it repeated, provides that "Where a special verdict is rendered, or the conclusions of fact found by the judge are separately stated the court shall render judgment thereon unless set aside or a new trial is granted, or judgment is rendered notwithstanding verdict or jury finding under these rules."

■ It is the established law in this state that a trial court who has entered an order or a judgment ordinarily retains jurisdiction over such order or judgment until the end of the term at which it was entered or until such judgment passes beyond his control by reason of some other provision of the Statute and he may change, amend or set aside such an order or judgment without hearing further evidence upon his own motion. St. John v. Archer, Tex.Civ.App., 147 S.W.2d 519.

■ In the St. John v. Archer case, the court continuing said "The matter of a new trial is directed to the discretion of the trial judge and may be granted on his own motion. McCurley v. Texas Ins. Co., Tex.Civ. App., 62 S.W.2d 992; Ellis v. Jefferson Ins. Co., Tex.Civ.App., 99 S.W.2d 953."

It is undisputed that in the instant case the order complained of by relator was entered at the term of court at which the suit was tried.

■ Under above authorities the action of respondent, Honorable Ben Moorhead, in granting the motion for new trial in said cause No. F-351749 is not, we think, subject to review by writ of mandamus by this court. Relator's petition for mandamus is denied.

Mandamus refused.