**James R. KENNANN et ux., Relators,**

**v.**

**E. C. NELSON, District Judge, and George W. Deats, Respondents.**

**No. 6475.**

Court of Civil Appeals of Texas.

Amarillo.

March 7, 1955.

See also 258 S.W.2d 145.

Sanders, Scott, Saunders & Smith, Amarillo, for relators.

S. E. Fish, Amarillo, for respondents.

MARTIN, Justice.

This is an original mandamus proceeding instituted in this court by James R. Kennann and wife, Ethel Kennann, as relators, against Hon. E. C. Nelson, judge of the 108th Judicial District Court of Potter County, Texas as respondent, seeking to compel the entry of a judgment in favor of relators as defendants in Cause No. 26769 in which respondent, George W. Deats, is plaintiff.

Relators rented a garage building to Orbin Carroll. It is their contention that Carroll owed them rents at the time he vacated the building. To secure the alleged rents, relators held possession of a Pontiac automobile. They were sued by respondent, George W. Deats, who alleged that such automobile belonged to him and that relators had converted the same. The gist of relators' case is "that Carroll and Deats decided to claim that the Pontiac automobile belonged to Deats in an effort to beat the defendants out of the rents owed to them".

The case was submitted to the jury on special issues. Upon the return of the jury verdict, relators filed a motion for judgment and respondent, George W. Deats, filed a motion for a new trial. Both motions were duly presented to respondent, E. C. Nelson, District Judge. Paragraph Three of respondent Deats' motion for a new trial contains the following statement:

"3. Not only are the answers of the jury as above pointed out based on a surmise and not evidence, but such answers are in irreconcilable conflict and clearly indicate that the jury did not understand the issues in the case, or they ignored the evidence in the case, * * *".

Respondent E. C. Nelson, on the motion of respondent Deats, granted a new trial in the cause. Thereupon, relators filed their petition in the Court of Civil Appeals seeking a writ of mandamus directing E. C. Nelson as District Judge of the 108th Judicial District Court of Potter County, Texas to render judgment for them as defendants in the cause on the theory that the jury's answers to the special issues were not in conflict and relators were entitled to judgment.

The instruments filed in this court do not reveal whether a judgment was entered in the cause prior to the granting of the motion for a new trial. As pointed out above, the jury returned a verdict on special issues. "In such trials, the court may grant a new trial from the verdict itself without first entering the judgment indicated thereby." It is apparent the trial court was within its jurisdiction in acting upon respondent Deats' motion for a new trial. Missouri-Kansas-Texas R. Co. of Texas v. Brewster, Tex.Com.App., 124 Tex. 244, 78 S.W.2d 575, Syls. 1, 2; Anchor v. Martin, Tex.Com.App., 116 Tex. 409, 292 S.W. 877; Public Service Employees Credit Union, Inc., v. Procter, Tex.Civ.App., 155 S.W.2d 643; Rule 300, Vernon's Annotated Texas Rules of Civil Procedure.

As to relators' right to a writ of mandamus, the following general rule is stated by the Supreme Court of Texas in Callahan v. Giles, 137 Tex. 571, 155 S.W. 2d 793, 795[1, 2]:

"Mandamus is an extraordinary writ, and is not issued as a matter of right, but rests largely in the sound discretion of the court. (Citing cases.) The writ will not be granted unless the petition shows that the relator has a clear right to the writ."

Paragraph Three of respondent Deats' motion for a new trial, as quoted in paragraph two hereinabove, clearly raised the issue that the verdict of the jury was not supported by any evidence in the cause. From an examination of such motion and the instruments brought up on appeal, it is apparent the trial court's ruling on the motion for a new trial involved the exercise of discretion. This is particularly ap-

parent from the fact that respondent's motion placed before the trial court an issue that the jury verdict was not supported by any evidence. The rule governing the issue as to whether relators are entitled to the issuance of a writ of mandamus by this court is found in Missouri-Kansas-Texas R. Co. of Texas v. Brewster, supra, [78 S.W.2d 576] [3]:

> "It has long been the rule of law of this state that this court will not review by mandamus the action of a trial court in granting a new trial unless his action in attempting to do so is absolutely void. Wright v. Swayne, 104 Tex. 440, 140 S.W. 221, 222, Ann. Cas.1914B, 288. This rule applies even though the court may expressly state erroneous reasons for granting the motion, if the motion itself is sufficient to invoke his jurisdiction. Hunsinger v. Boyd, 119 Tex. 182, 26 S.W.2d 905, 907."

Also see Hunsinger v. Boyd, supra, Syl. 5; Union City Transfer v. Kenna, Tex. Civ.App., 210 S.W.2d 431; Cheswick v. Moorhead, Tex.Civ.App., 224 S.W.2d 898, Syl. 2.

■ As indicated by the rule hereinabove quoted, this court is not governed as to the issuance of a writ of mandamus in this cause by relators' proposition that the answers of the jury are not in conflict and that relators are entitled to a judgment. Relators' cause is wholly predicated on the theory that no title passed from Carroll to Deats and that the alleged sale was merely a purported sale entered into as a subterfuge to defeat relators' landlord's lien. On this issue, the jury found under Special Issue No. 1 that the alleged sale of the Pontiac automobile was not "an actual sale made in good faith and intended by the parties to pass actual title to said automobile to the said George W. Deats." Special

Issue No. 9(a) inquired of the jury "From the preponderance of the evidence, what do you find was Deats' equity in said automobile, if any, in the condition the said automobile was then in, at the time the Kennanns took possession of it?" In response to this issue, the jury answered "265.77".

■ An examination of the jury findings in the cause reveals that irrespective of whether other issues in the cause are in conflict with the finding of the jury as to Special Issue No. 1, shown in the paragraph above, it is clearly evident that such Special Issue No. 9(a) is in direct conflict with such finding. The jury verdict reflects the Pontiac automobile was subject to a lien executed to the Ray Green Finance Company. If no actual sale was made in good faith and intended by the parties to pass actual title to said automobile to the said George W. Deats then Deats had no equity of $265.77 in said automobile as found by the jury in response to Special Issue No. 9(a). There must have been an actual sale in good faith for such title or equity as owned by Carroll to have passed to Deats. Too, the jury found that Deats' equity in the automobile existed *"at the time the Kennanns took possession of it."* (Italics added.) The above issues are in conflict as to the material issue in the cause as pleaded by relators and the trial court, in the exercise of his discretion, correctly refused to enter a judgment for relators and properly granted a new trial in the cause. This issue alone defeats the application for the writ of mandamus but, paramount to such issue, a refusal of the application for mandamus is required by the authorities and rule hereinabove cited.

The petition for mandamus prayed for herein by relators is refused.

NORTHCUTT, J., not participating.