Irma **KOLFELDT** by Dorothy K. **ANDERSON,** Attorney in Fact, Dorothy K. Anderson, Frances Ann Mallery, Steven P. Anderson, Mary Lou Stevenson, John T. Anderson, Kristine B. Paddock, Kathleen B. Fawcett, Phillip J. Stevenson, Richard K. Malley, Kathleen K. Berry, Individually and as Co-Trustee of the Kathleen Berry Fawcett, Kristine Berry Paddock, and Karel Anne Berry Tieszen Trusts, and Jack G. Berry as Co-Trustee of the Kathleen Berry Fawcett, Kristine Berry Paddock, and Karel Anne Berry Tieszen Trusts, Karel Anne B. Tieszen, James Bridge, and all Other Occupants, Relators,

v.

The Honorable John THOMA, Judge of the County Court at Law Number 1, Galveston County, Texas, Respondent.

No. A14–91–00889–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 16, 1992.

Douglas M. O'Brien, Houston, for relators.

Julie Klibert, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## MAJORITY OPINION

CANNON, Justice.

This mandamus arises from an amended order granting a new trial for the real party in interest, Texas–New Mexico Power Company (the Power Company), against the relators in a condemnation suit. The relators contend that the respondent, Judge John Thoma, abused his discretion by granting a new trial. We deny the writ.

On December 6, 1986, the Power Company filed a condemnation suit for a sixty foot wide easement on property owned by the relators. The court promptly appointed special commissioners. The commissioners awarded damages to the relators in the amount of $12,650.00, which was deposited into the registry of the court by the Power Company. The relators timely filed objections to the award and demanded a jury trial. Trial was on April 15, 1991.

In its answer to question no. 1, the jury found that the difference in the market value of the easement before and after the taking was $6,250.00. In its answer to question no. 2, the jury found that the difference in the market value of the remainder of the property before and after the taking of the easement was $136,-250.00. The court accepted the verdict and discharged the jury.

On May 22, 1991, the Power Company filed a motion for new trial contending that the two questions submitted to the jury were "multifarious" and "far too detailed for the ordinary jury to understand," thereby, resulting "in jury error ... in an amount in excess of $130,000.00." The Power Company also contended that "the jury made a mistake and misinterpreted the language of jury question no. 2 resulting in a clerical error in recording the verdict." The Power Company asserted that the jury unanimously and mistakenly believed that question no. 2 asked for the value of the remainder after the taking, instead of the *difference* in value of the remainder before and after the taking.

The Power Company's motion was supported by the affidavits of five of the six jurors. According to the affidavits, the jury found that the value of the property before the taking was $146,000.00 and that damage from the taking of the easement and to the remainder was $9,750.00. Thus, when the jury answered question no. 1 that the damage from the taking of the easement was $6,250.00, the jury should have answered question no. 2 that the damage to the remainder was $3,500.00, not $136,-250.00.

The next day, Judge Thoma granted the relators' motion to enter judgment on the verdict. The final judgment awarded the relators $142,000.00 less the amount depos-

ited in the registry of the court by the Power Company, including a security deposit. Judge Thoma also took the Power Company's motion for new trial under advisement. Judge Thoma subsequently entered three orders. The first order, entered on July 19, 1991, required the relators to remit $132,750.00 to the Power Company within ten days or else submit to a new trial. In that order, the court stated its opinion "that the jury through a clerical mistake· or error misinterpreted the language of jury question number two (2) resulting in a recording error in the verdict." The court also stated its finding that the jury intended to find damage to the remainder in the amount of $3,500.00 and its conclusion that "the Court in equity cannot permit a judgment to be entered that is in excess of forty (40) times larger than what the jury intended."

The relators failed to make a remittitur within the ten-day period. On August 5, 1991, Judge Thoma entered a second order that set aside the final judgment and granted the Power Company's motion for new trial "in the interest of justice." On September 9, 1991, Judge Thoma entered a third order designated as an "amended order granting motion for new trial." In that amended order, the court set aside the final judgment and ordered a new trial on the sole ground that the jury misunderstood question no. 2.

■ The relators contend that Judge Thoma abused his discretion in granting a new trial based on inadmissible affidavits and in characterizing the jury's misinterpretation of question no. 2 as a unanimous clerical error.

■ A writ of mandamus is an extraordinary remedy and issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* A mere error in judgment, when there is some basis in reason and law for the order

of the trial court, is not an abuse of discretion. 700 S.W.2d at 918. A relator who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden to establish, under the circumstances of the case, that the facts and law permit the trial court to make but one decision. This determination is essential because mandamus will not issue to control the action of lower court in a matter involving discretion. 700 S.W.2d at 917.

Trial courts have always had broad discretion in the granting of new trials. 700 S.W.2d at 918. The granting of a new trial by the trial court is not reviewable on appeal but only by mandamus in two circumstances not at issue here:

(1) where the trial court rules after its jurisdiction lapses; or,

(2) when a new trial is erroneously granted because of a perceived conflict in the jury verdict.

*Cecil v. Smith*, 804 S.W.2d 509, 515 (Tex. 1991) (*dissenting opinion at n. 7*); *Johnson*, 700 S.W.2d at 918 (citing *Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial Dist. of Texas*, 162 Tex. 613, 350 S.W.2d 330 (Tex.1961)).

■ This rule applies even though the court may expressly state erroneous reasons for the granting of the motion, if the motion itself is sufficient to invoke the court's jurisdiction. *Kennann v. Nelson*, 278 S.W.2d 335, 337 (Tex.Civ.App.—Amarillo 1955, no writ) (quoting *Missouri–Kansas–Texas R. Co. of Texas v. Brewster*, 124 Tex. 244, 78 S.W.2d 575, 576 (Tex.Comm'n App.1934, opin. adopted)).

Judge Thoma entered his amended order granting a new trial after performing the ministerial duty of entering judgment on the verdict. *See Traywick v. Goodrich*, 364 S.W.2d 190, 191 (Tex.1963). That amended order superseded his previous order granting a new trial. The amended order made reference to the relators refusal to make a remittitur as previously ordered and granted a new trial on the sole ground that jurors misinterpreted jury question no. 2. TEX.R.CIV.P. 320 expressly provides that "new trials may be granted

when the damages are manifestly too small or too large." It is obvious from the amended order alone that Judge Thoma granted a new trial not only because the damages awarded under question no. 2 were excessive as a result of the jury's misinterpretation of that question, but also *because the relators failed to make a remittitur of those damages.*

We hold that it was within his discretion to do so. *See Neunhoffer v. State,* 440 S.W.2d 395 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.). We do not have authority to issue a writ of mandamus to set aside a discretionary act of the trial court. *Johnson,* 700 S.W.2d at 917. Accordingly, we overrule the relator's arguments and deny the petition for writ of mandamus.

MURPHY, Justice, dissenting.

I must respectfully dissent from the denial of the writ of mandamus. It was improper for the trial court to issue an amended order and thereby grant a new trial based solely on the affidavits of jurors.

In their answer to question no. 2, the jury responded that the difference in the market value of the property before and after the taking of the easement was $136,250.00. The court accepted this verdict and discharged the jury. However, on May 22, 1991, the Power Company filed a motion for new trial contending that the two questions submitted to the jury were "far too detailed for the ordinary jury to understand." This motion was supported by the affidavits of five of the six jurors. The Power Company apparently distributed a "form" affidavit to each juror and, thus, the contents of each are nearly identical. The affidavits reveal that, after speaking with the Power Company's attorney, each juror discovered that "the jury had misunderstood question no. 2". Further, the affidavits reflect that "it was the unanimous belief of the jury that this question asked the market value of the remainder of the property after the easement was taken" and that "we did not believe that this question asked us to find what damage had been done to the remainder."

Each affidavit also recites that it was executed "to reflect the unanimous finding of the jury in this case" and four of the five affidavits request the court "to correct this unanimous clerical error in recording the jury verdict." Each juror states in his or her affidavit that he or she discussed this problem with all the other jurors and all agreed to ask Judge Thoma to grant the Power Company a new trial "in order that justice may be done."

The next day, Judge Thoma granted the relators motion to enter judgment on the verdict. On July 19, 1991, Judge Thoma issued an order requiring the relators to remit $132,750.00 to the Power Company within ten days. In that order, the court stated its opinion "that the jury through a clerical mistake or error misinterpreted the language of jury question number two (2) resulting in a recording error in the verdict." The court also stated its finding that the jury intended to find damage to the remainder in the amount of $3,500.00 and its conclusion that "the Court in equity cannot permit a judgment to be entered that is in excess of forty (40) times larger than what the jury intended."

The relators failed to comply with the court's July 19 order which specifically stated that "if a remittitur ... is not made within that ten day period then this Court will grant [the Power Company's] motion for new trial." On August 5, 1991, the court set aside the final judgment and granted the Power Company's motion for a new trial "in the interest of justice." On September 9, 1991, the court entered an amended order granting the motion for new trial. In that order, the court specifically declined to grant a new trial on the ground that question no. 2 was multifarious and confusing to the jury. Instead, the court set aside the final judgment based on the jurors' affidavits and ordered a new trial on the sole ground that the jury misunderstood jury question no. 2.

I recognize that a writ of mandamus is an extraordinary remedy and may issue only to correct a clear abuse of discretion

**370**

or the violation of a duty imposed by law when there is no adequate remedy at law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). However, an order granting a new trial within the court's period of plenary power is not subject to review by direct appeal. *Cummins v. Paisan Const. Co.*, 682 S.W.2d 235, 236 (Tex.1984). Judge Thoma's amended order granting a new trial superseded his previous order granting a new trial. As previously noted, that order was based solely on the affidavits of jurors and granted a new trial on the ground that jurors misinterpreted jury question no. 2.

Further, Tex.R.Civ.Evid. 606(b) and Tex. R.Civ.P. 327(b) prohibit a juror from testifying, by affidavit or otherwise, "as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent or dissent from the verdict [or indictment or] concerning his mental processes in connection therewith, except that a juror may testify whether any outside influence was improperly brought to bear upon any juror." The affidavits in the instant case clearly inquired into the mental processes of jurors during their deliberations. *See Cortez v. Medical Protective Co. of Fort Wayne*, 560 S.W.2d 132, 137 (Tex.Civ.App.—Corpus Christi 1977, no writ) (mental processes are indicated when jurors use such words as "I thought," "I understood," "I wanted," "I felt," "I was convinced," "The impression I got," or "I considered"). There was no allegation of outside influence in this case. As such, the affidavits were inadmissible and Judge Thoma abused his discretion in considering them.

Therefore, Judge Thoma abused his discretion in granting a new trial. Accordingly, I would sustain the relators' points of error and conditionally grant the writ.