Eugenia Ginger SIKES, Cynthia Durham, and Jennifer Branam, Individually and on Behalf of the estate of Joel Sikes, Deceased, Appellants,

v.

HERITAGE OAKS WEST RETIREMENT VILLAGE, Shamrock Care Center, Inc., Individually and d/b/a Heritage Oaks West Retirement Village, James Moore, Heritage Oaks Retirement Village, Navarro Convalescent, Inc., Individually and d/b/a Heritage Oaks Retirement Village, The Westwind Corp., Individually and d/b/a Centex Management Co., and Carolee Hughey, Appellees.

No. 10–06–00176–CV.

Court of Appeals of Texas, Waco.

Sept. 26, 2007.

Rehearing Overruled Oct. 23, 2007.

---

E. Barham Bratton, The Bratton Firm PC, Scott A. Young, Attorney At Law, Austin, Micah C. Haden, Law Office of Micah C. Haden, Corsicana, TX, for Appellant/Relator.

Bob K. Monk, McPherson, Monk, Hughes Bradley Wimberley & Steele, Port Arthur, Ronald E. Bunch, Waxahachie, TX, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

The wife and children of decedent Joel Sikes[1] filed wrongful death and survival claims against Heritage Oaks West Retirement Village and others[2] alleging malpractice in his treatment.

The Sikeses appeal the trial court's judgment on an arbitration award. They first complain that the Dispute Resolution Plan is unenforceable because: 1) it does not comply with former article 4590i; 2) Heritage failed to sign the agreement; 3) the wrongful death claims are not within the scope of the agreement; 4) Eugenia Sikes lacked authority to sign the agreement on behalf of her husband; 5) the agreed order to arbitrate was both revoked and superseded; and 6) Heritage failed to negate the Sikeses' contractual defenses to arbitration. In the alternative, the Sikeses contend that the judgment on the arbitrator's decision is in error because: 1) under federal law, the arbitrator's decision failed to adjudicate all claims and reflected a manifest disregard of the law; and 2) under state law, the decision resulted from a gross mistake and a failure to execute an honest judgment. We will reverse and remand.

A party seeking to compel arbitration must establish that: (1) there is a valid arbitration agreement; and (2) the claims raised fall within the agreement's scope. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex.2005) (orig.proceeding). Because there is a presumption favoring agreements to arbitrate, doubts regarding an agreement's scope are resolved in favor of arbitration; however, the presumption arises only after the party seeking to compel arbitration proves that a valid arbitration agreement exists. *Id.*

The Sikeses contend in their first issue that the Dispute Resolution Plan is unenforceable because it does not comply with former article 4590i. Ordinarily, state laws burdening arbitration are preempted by the Federal Arbitration Act (FAA), but the Sikeses contend that the McCarran–Ferguson Act "reverse preempts" the FAA to allow the application of stricter state law. *See In re Kepka*, 178 S.W.3d 279, 292 (Tex.App.-Houston [1st] 2005, orig. proceeding). However, the Sikeses failed to raise this issue before the trial court and have not preserved it for appellate review.

---

1. Eugenia Sikes and daughters Cynthia Durham and Jennifer Branam brought suit individually and on behalf of the Estate of Joel Sikes. The plaintiffs/appellants are collectively referred to as "the Sikeses."

2. The Sikeses sued Heritage Oaks West Retirement Village; parent organizations Shamrock Care Center, Inc. and Navarro Convalescent, Inc.; Heritage Oaks Retirement Village; The Westwind Corp. (dba Centex Management Co.); James Moore; and Carolee Hughey. The defendants/appellees are collectively referred to as "Heritage."

■ The Sikeses contend in their fourth issue that Eugenia Sikes lacked authority to sign the Dispute Resolution Plan on behalf of her husband. Eugenia signed the document on the line labeled "Power of Attorney/Guardian's Signature." The Sikeses presented affidavit proof that Eugenia was neither Joel Sikes's guardian nor had she been given power of attorney. Affidavits further established that Joel Sikes was not incapacitated and was capable of signing the document upon admittance to the nursing home. Heritage offered no rebuttal evidence. Instead, Heritage argues that Eugenia is estopped from denying the validity of the signature.

■ Heritage relies on arbitration cases stating that in certain circumstances a non-signatory to an arbitration agreement can be equitably estopped from denying that his claims are arbitrable. *See, e.g., Kellogg Brown & Root,* 166 S.W.3d at 739. However, this form of estoppel arises only when the plaintiff seeks "to derive a direct benefit from the contract containing the arbitration provision." *Id.* at 741. Stated another way, "nonparties generally must arbitrate claims if liability arises from a contract with an arbitration clause, but not if liability arises from general obligations imposed by law." *In re Vesta Ins. Group, Inc.,* 192 S.W.3d 759, 761 (Tex.2006) (orig.proceeding) (per curiam).

Here, the Sikeses do not assert claims arising under Joel's purported arbitration agreement with Heritage. Rather, their malpractice claims "arise[ ] from general obligations imposed by law." *See id.* Therefore, Heritage's equitable estoppel theory does not excuse Heritage from proving the existence of a valid arbitration agreement.

■ Nonetheless, Eugenia may be estopped to deny her authority to sign the arbitration agreement if she acted with apparent authority. *See Baptist Memorial Hosp. Sys. v. Sampson,* 969 S.W.2d 945, 949 (Tex.1998) ("Apparent authority in Texas is based on estoppel."). Apparent authority looks to the actions of the principal, Joel Sikes, to determine if he participated in, had knowledge of, or acquiesced in his agent, Eugenia, signing on his behalf. *See id.; Tex. Cityview Care Ctr., L.P. v. Fryer,* 227 S.W.3d 345, 353 (Tex.App.-Fort Worth 2007, pet. filed); *Lifshutz v. Lifshutz,* 199 S.W.3d 9, 22 (Tex.App.-San Antonio 2006, pet. denied). Without actions by the principal, "no mere combination of circumstances which may mislead persons into a false inference of authority, however reasonable, will serve as a predicate for apparent authority." *Hall v. F.A. Halamicek Enters., Inc.,* 669 S.W.2d 368, 375 (Tex.App.-Corpus Christi 1984, no writ).

There is no evidence of Joel Sikes taking actions to induce the belief that Eugenia was his agent. In fact, there is no evidence he was even present when the form was signed. *See Texas Cityview,* 227 S.W.3d at 353–54. Because there is no evidence that Eugenia had authority to sign the agreement, Heritage failed to prove the existence of a valid arbitration agreement. *Id.* at 354. Similarly, the arbitration agreement is unenforceable against Eugenia in her individual capacity because there is no evidence that she signed in that capacity. *Id.; see also Kepka,* 178 S.W.3d at 294.

To the extent that Heritage attempts to assert the common-law affirmative defense of equitable estoppel, this too fails under agency principles. In signing the arbitration agreement, Eugenia acted without authority and, therefore, any misrepresentation on her part cannot be imputed to the ostensible principal, Joel Sikes. *Great Am. Life Ins. Co. v. Lonze,* 803 S.W.2d 750, 754 (Tex.App.-Dallas 1990, writ de-

nied). Accordingly, we sustain the Sikeses's fourth issue.

■ The Sikeses contend in their fifth issue that the court erred by concluding that they are bound by an agreed order to arbitrate which was later superseded by an amended order to which they did not agree. An "agreed order to arbitrate" was rendered by the court with each party's attorney signing to indicate his agreement as to form and substance. Subsequent to that order, the Sikeses amended their pleadings to add an additional defendant, and a second motion to compel arbitration was filed and was granted in an amended order. The Sikeses asked the court to reconsider its ruling on the second motion to compel. After a hearing, the court signed a final order sending the case to arbitration.

The Sikeses contend that they revoked the agreed order or in the alternative that the subsequent order superseded the agreed order. Heritage counters that the agreed order is a separate arbitration agreement which is "more than a mere common law contract" and cannot be revoked "without leave of the court." *Brown v. Eubank*, 443 S.W.2d 386, 390 (Tex.App.-Dallas 1969, no writ). The *Brown* case is distinguishable because the complaining party in that case did not seek to set aside the agreed order for arbitration until after the arbitrators had rendered their decision. Here, the Sikeses withdrew their consent before the case was submitted to arbitration. Thus, the amended arbitration order (entered over the Sikeses' objection) superseded the original agreed order. *See B & M Mach. Co. v. Avionic Enters., Inc.*, 566 S.W.2d 901, 902 (Tex.1978); *Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 202 n. 18 (Tex.App.-Houston [14th Dist.] 2005, no pet.); *Kolfeldt v. Thoma*, 822 S.W.2d 366, 368 (Tex.App.-Houston [14th Dist.] 1992, orig. proceeding).

Therefore, because the agreed order was no longer effective, we sustain the Sikeses' fifth issue.

Because of our disposition of the Sikeses' fourth and fifth issues, we need not address the remaining issues presented. Having found there is no valid agreement to arbitrate, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

Chief Justice GRAY joins no part of the Court's opinion and dissents to the judgment of the Court without a separate opinion.