IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00176-CV

 

Eugenia Ginger Sikes, CYNTHIA DURHAM, AND

JENNIFER
BRANAM, INDIVIDUALLY AND ON BEHALF

OF
THE ESTATE OF JOEL SIKES, DECEASED

 

                                                                                                          Appellants

 v.

 

Heritage Oaks West Retirement Village, 

SHAMROCK CARE CENTER, INC., INDIVIDUALLY AND

D/B/A
 HERITAGE OAKS WEST RETIREMENT VILLAGE,

JAMES
MOORE, HERITAGE OAKS RETIREMENT VILLAGE,

NAVARRO
CONVALESCENT, INC., INDIVIDUALLY AND

D/B/A
 HERITAGE OAKS RETIREMENT VILLAGE, THE

WESTWIND
CORP., INDIVIDUALLY AND D/B/A CENTEX

MANAGEMENT
CO., AND CAROLEE HUGHEY

                                                                                                          Appellees

 

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 03-00-12552-CV

 



Opinion



 








The wife and children of decedent Joel Sikes[1]
filed wrongful death and survival claims against Heritage Oaks West Retirement Village and others[2]
alleging malpractice in his treatment.

            The Sikeses appeal the trial court’s judgment
on an arbitration award.  They first complain that the Dispute Resolution Plan is
unenforceable because: 1) it does not comply with former article 4590i; 2)
Heritage failed to sign the agreement; 3) the wrongful death claims are not
within the scope of the agreement; 4) Eugenia Sikes lacked authority to sign
the agreement on behalf of her husband; 5) the agreed order to arbitrate was
both revoked and superseded; and 6) Heritage failed to negate the Sikeses’
contractual defenses to arbitration.  In the alternative, the Sikeses contend
that the judgment on the arbitrator’s decision is in error because: 1) under
federal law, the arbitrator’s decision failed to adjudicate all claims and
reflected a manifest disregard of the law; and 2) under state law, the decision
resulted from a gross mistake and a failure to execute an honest judgment.  We
will reverse and remand.

A party seeking to compel arbitration must
establish that: (1) there is a valid arbitration agreement; and (2) the claims
raised fall within the agreement’s scope.  In re Kellogg Brown & Root,
Inc., 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding).  Because there is
a presumption favoring agreements to arbitrate, doubts regarding an agreement’s
scope are resolved in favor of arbitration; however, the presumption arises
only after the party seeking to compel arbitration proves that a valid
arbitration agreement exists.  Id.

            The Sikeses contend in their first
issue that the Dispute Resolution Plan is unenforceable because it does not
comply with former article 4590i.  Ordinarily, state laws burdening arbitration
are preempted by the Federal Arbitration Act (FAA), but the Sikeses contend that
the McCarran-Ferguson Act “reverse preempts” the FAA to allow the application
of stricter state law.  See In re Kepka, 178 S.W.3d 279, 292 (Tex. App.—Houston [1st] 2005, orig. proceeding).  However, the Sikeses failed to raise this issue before
the trial court and have not preserved it for appellate review.

            The Sikeses contend in their fourth issue
that Eugenia Sikes lacked authority to sign the Dispute Resolution Plan on
behalf of her husband.  Eugenia signed the document on the line labeled “Power
of Attorney/Guardian’s Signature.”  The Sikeses presented affidavit proof that Eugenia
was neither Joel Sikes’s guardian nor had she been given power of attorney.  Affidavits
further established that Joel Sikes was not incapacitated and was capable of signing
the document upon admittance to the nursing home.  Heritage offered no rebuttal
evidence.  Instead, Heritage argues that Eugenia is estopped from denying the validity
of the signature.

            Heritage relies on arbitration cases
stating that in certain circumstances a non-signatory to an arbitration
agreement can be equitably estopped from denying that his claims are
arbitrable.  See, e.g., Kellogg Brown & Root, 166 S.W.3d at 739.  However,
this form of estoppel arises only when the plaintiff seeks “to derive a direct
benefit from the contract containing the arbitration provision.”  Id. at 741.  Stated another way, “nonparties generally must arbitrate claims
if liability arises from a contract with an arbitration clause, but not if
liability arises from general obligations imposed by law.”  In re Vesta Ins.
Group, Inc., 192 S.W.3d 759, 761 (Tex. 2006) (orig. proceeding) (per
curiam).

            Here, the Sikeses do not assert claims
arising under Joel’s purported arbitration agreement with Heritage.  Rather,
their malpractice claims “arise[ ] from general obligations imposed by law.”  See
id.  Therefore, Heritage’s equitable estoppel theory does not excuse
Heritage from proving the existence of a valid arbitration agreement.

Nonetheless, Eugenia may be estopped to deny her
authority to sign the arbitration agreement if she acted with apparent authority.
 See Baptist Memorial Hosp. Sys. v. Sampson, 969 S.W.2d 945, 949 (Tex. 1998) (“Apparent authority in Texas is based on estoppel.”).  Apparent authority looks
to the actions of the principal, Joel Sikes, to determine if he participated
in, had knowledge of, or acquiesced in his agent, Eugenia, signing on his
behalf.  See id.; Tex. Cityview Care Ctr., L.P. v. Fryer,
227 S.W.3d 345, 353 (Tex. App.—Fort Worth 2007, pet. filed); Lifshutz v.
Lifshutz, 199 S.W.3d 9, 22 (Tex. App.—San Antonio 2006, pet. denied).  Without
actions by the principal, “no mere combination of circumstances which may
mislead persons into a false inference of authority, however reasonable, will
serve as a predicate for apparent authority.”  Hall v. F.A. Halamicek Enters.,
Inc., 669 S.W.2d 368, 375 (Tex. App.—Corpus Christi 1984, no writ).

There is no evidence of Joel Sikes taking actions to
induce the belief that Eugenia was his agent.  In fact, there is no evidence he
was even present when the form was signed.  See Texas Cityview, 227
S.W.3d at 353-54.  Because there is no evidence that Eugenia had authority to
sign the agreement, Heritage failed to prove the existence of a valid
arbitration agreement.  Id. at 354.  Similarly, the arbitration
agreement is unenforceable against Eugenia in her individual capacity because
there is no evidence that she signed in that capacity.  Id.; see also
Kepka, 178 S.W.3d at 294.

To the extent that Heritage attempts to assert the
common-law affirmative defense of equitable estoppel, this too fails under
agency principles.  In signing the arbitration agreement, Eugenia acted without
authority and, therefore, any misrepresentation on her part cannot be imputed
to the ostensible principal, Joel Sikes.  Great Am. Life Ins. Co. v.
Lonze, 803 S.W.2d 750, 754 (Tex. App.—Dallas 1990, writ denied).  Accordingly,
we sustain the Sikeses’s fourth issue.

            The Sikeses contend in their fifth
issue that the court erred by concluding that they are bound by an agreed order
to arbitrate which was later superseded by an amended order to which they did
not agree.  An “agreed order to arbitrate” was rendered by the court with each
party’s attorney signing to indicate his agreement as to form and substance.  Subsequent
to that order, the Sikeses amended their pleadings to add an additional
defendant, and a second motion to compel arbitration was filed and was granted
in an amended order.  The Sikeses asked the court to reconsider its ruling on
the second motion to compel.  After a hearing, the court signed a final order
sending the case to arbitration.

            The Sikeses contend that they revoked
the agreed order or in the alternative that the subsequent order superseded the
agreed order.  Heritage counters that the agreed order is a separate
arbitration agreement which is “more than a mere common law contract” and cannot
be revoked “without leave of the court.”  Brown v. Eubank, 443 S.W.2d
386, 390 (Tex. App.—Dallas 1969, no writ).  The Brown case is distinguishable
because the complaining party in that case did not seek to set aside the agreed
order for arbitration until after the arbitrators had rendered their decision.  Here,
the Sikeses withdrew their consent before the case was submitted to arbitration. 
Thus, the amended arbitration order (entered over the Sikeses’ objection) superseded
the original agreed order.  See B & M Mach. Co. v. Avionic Enters., Inc.,
566 S.W.2d 901, 902 (Tex. 1978); Wortham v. Dow Chem. Co., 179 S.W.3d 189,
202 n.18 (Tex. App.—Houston [14th Dist.] 2005, no pet.); Kolfeldt v. Thoma,
822 S.W.2d 366, 368 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding). 
Therefore, because the agreed order was no longer effective, we sustain the
Sikeses’ fifth issue.

            Because of our disposition of the Sikeses’
fourth and fifth issues, we need not address the remaining issues presented.  Having
found there is no valid agreement to arbitrate, we reverse the judgment of the
trial court and remand this cause for further 
proceedings consistent with this opinion.

 

 

FELIPE REYNA

Justice

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Chief
Justice Gray joins no part of the Court’s opinion and dissents to the judgment
of the Court without a separate opinion.)

Reversed
and remanded

Opinion
delivered and filed September 26, 2007

[CV06]









[1]               Eugenia Sikes and daughters Cynthia
Durham and Jennifer Branam brought suit individually and on behalf of the
Estate of Joel Sikes.  The plaintiffs/appellants are collectively referred to
as “the Sikeses.”

 





[2]               The Sikeses sued Heritage Oaks West Retirement Village; parent organizations Shamrock Care Center, Inc. and
Navarro Convalescent, Inc.; Heritage Oaks Retirement Village; The Westwind Corp.
(dba Centex Management Co.); James Moore; and Carolee Hughey.  The defendants/appellees
are collectively referred to as “Heritage.”